1160.10643S

Alexander F. Stuart - SBN 96141
WILLOUGHBY, STUART & BENING, INC.
50 W. San Fernando St., Suite 400
San Jose, California 95113
Telephone: (408) 289-1972
Facsimile: (408) 295-6375

Craig Needham - SBN 52010
Kristen Fish - SBN 217940
NEEDHAM, DAVIS, KEPNER & YOUNG, LLP
1960 The Alameda, Suite 210
San Jose, California 95126
Telephone: (408) 244-2166
Facsimile: (408) 244-7815

TINSMAN & SCIANO, INC.
Daniel J.T. Sciano (Pending Admission *Pro Hac Vice*)
10107 McAllister Freeway
San Antonio, Texas 78216
Telephone: (210) 225-3121
Facsimile: (210) 225-6235

Attorneys for Defendants
Jeremy James Ehart, Kristy Ehart, and
Steven Ryan McClanahan

# IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, an Illinois corporation,<br><br>            Plaintiffs,<br><br>vs.<br><br>GHILLIES SUITS.COM, INC, a Georgia corporation; TODD MUIRHEARD, a Georgia resident; JEREMY JAMES EHART, a Kansas resident; KRISTY EHART, a Kansas resident; and STEVEN RYAN McCLANAHAN, a West Virginia resident, and DOES 1-10,<br><br>            Defendants. | No. C08 02099 RMW<br><br>**ANSWER OF DEFENDANTS JEREMY JAMES EHART, KRISTY EHART AND STEVEN RYAN MCCLANAHAN TO COMPLAINT FOR DECLARTORY RELIEF AND REIMBURSEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

---

1

ANSWER OF DEFENDANTS JEREMY JAMES
EHART, KRISTY EHART AND STEVEN RYAN
McCLANAHAN TO COMPLAINT FOR DECLARATORY
RELIEF AND REIMBURSEMENT

1  Defendants Jeremy James Ehart ("Jeremy Ehart"), Kristy Ehart and Steven Ryan McClanahan
2  ("McClanahan") answer Plaintiff Evanston Insurance Company's ("Evanston") Complaint for
3  Declaratory Relief and Reimbursement as follows:

## JURISDICTION AND VENUE

5  1.   Jeremy Ehart, Kristy Ehart and McClanahan admit on information and belief the
6  allegations of Paragraph 1.

7  2.   Jeremy Ehart, Kristy Ehart and McClanahan admit on information and belief the
8  allegations of Paragraph 2.

9  3.   Jeremy Ehart, Kristy Ehart and McClanahan admit on information and belief the
10 allegations of Paragraph 3.

11 4.   Jeremy Ehart, Kristy Ehart and McClanahan admit on information and belief the
12 allegations of the first sentence of Paragraph 4.  Said Defendants lack sufficient information or
13 belief as to the truth of the remaining allegations of Pargarph 4, and on that basis deny each and
14 every allegation contained therein.

## THE PARTIES

16 5.   Jeremy Ehart, Kristy Ehart and McClanahan admit on information and belief that
17 Evanston is a corporation domiciled in the State of Illinois.  Said Defendants lack sufficient
18 information or belief as to the truth of the remaining allegations of Paragraph 5, and on that basis
19 deny each and every allegation contained therein.

20 6.   Jeremy Ehart, Kristy Ehart and McClanahan admit the allegations of Paragraph 6.
21 7.   Jeremy Ehart, Kristy Ehart and McClanahan admit the allegations of Paragraph 7.
22 8.   Jeremy Ehart, Kristy Ehart and McClanahan admit the allegations of Paragraph 8.
23 9.   Jeremy Ehart, Kristy Ehart and McClanahan admit the allegations of Paragraph 9.
24 10.  Jeremy Ehart, Kristy Ehart and McClanahan admit that Defendant McClanahan was
25 previously a resident of the State of West Virginia.  Said Defendants deny that he was a resident of
26 West Virginia at all relevant times.

27 11.  Jeremy Ehart, Kristy Ehart and McClanahan lack sufficient information or belief as to

the truth of the allegations of Paragraph 11, and on that basis deny each and every allegation contained therein.

## INTRODUCTION AND BACKGROUND

12. Jeremy Ehart, Kristy Ehart and McClanahan admit that this lawsuit concerns insurance coverage for claims involving injuries sustained by Jeremy Ehart and McClanahan while wearing Ghillie products. Said Defendants also admit that a lawsuit entitled Jeremy James Ehart, Kristy Ehart and Steven Ryan McClanahan v. Ghillie Suits.com, Inc., et al (USDC ND Cal. SJ Div. Case No. 06 06507 JW) is the "Underlying Action" on which this lawsuit is brought. Said Defendants also admit that the Underlying Action was filed in the United States District Court for the Northern District of California, and that the Complaint filed by Jeremy Ehart, Kristy Ehart and McClanahan in the Underlying Action is attached to Evanston's Complaint as Exhibit 1 and incorporated into Evanston's Complaint as though fully alleged in Paragraph 12. Said Defendants deny that this lawsuit concerns insurance coverage for injuries to Jeremy Ehart and McClanahan only, as the Underlying Action also alleges injuries to Kristy Ehart.

13. Jeremy Ehart, Kristy Ehart and McClanahan admit that the claims asserted in the Underlying Action arise from burn related injuries to Jeremy Ehart and McClanahan suffered on October 28, 2004 while each was wearing a Ghillie suit or a portion of a Ghillie suit. Said Defendants also admit that at the time of those injuries, both Jeremy Ehart and McClanahan were participating in military exercises at Fort Hunter Liggett, located in the County of Monterey, State of California, although the nature of the exercises had changed when, observing that Jeremy Ehart was on fire, McClanahan attempted to rescue Jeremy Ehart and suffered separately caused injuries of his own. Said Defendants admit that they have described the circumstances giving rise to the injuries to Jeremy Ehart and McClanahan in their Complaint in the Underlying Action, and they admit that Evanston has quoted paragraphs 22 and 23 of their Complaint, and the first sentence of paragraph 24 of their Complaint, accurately. The remaining allegations of Paragraph 13 are ambiguous and incomplete with respect to the nature of the claims and circumstances giving rise to the injuries to Jeremy Ehart and McClanahan, and/or mischaracterize said claims and

3

ANSWER OF DEFENDANTS JEREMY JAMES
EHART, KRISTY EHART AND STEVEN RYAN
McCLANAHAN TO COMPLAINT FOR DECLARATORY
RELIEF AND REIMBURSEMENT

1  circumstances, and on that basis said Defendants deny each and every allegation contained therein.

2  14.  Jeremy Ehart, Kristy Ehart and McClanahan admit that the are making the following claims in the Underlying Action: (1) Strict Liability - Design Defect; (2) Strict Liability - Failure to Warn; (3) Negligence; (4) Breach of Implied Warranty of Fitness for a Particular Purpose, and that Kristy Ehart is maintaining a claim for loss of consortium. The remaining allegations of Paragraph 14 are ambiguous and incomplete with respect to the nature of the circumstances giving rise to said Defendants' claims, and on that basis said Defendants deny each and every allegation contained therein.

15.  Jeremy Ehart, Kristy Ehart and McClanahan admit the allegations of Paragraph 15.

16.  Jeremy Ehart, Kristy Ehart and McClanahan admit that the amount in controversy in this case exceeds $75,000 exclusive of costs and interest because of the injuries suffered by Jeremy Ehart, Kristy Ehart and McClanahan, and the amounts sought against Evanston's insureds, Ghillie Suits.com and Muirhead, in the Underlying Action. The remaining allegations of Paragraph 16 are ambiguous and incomplete with respect to the nature of the claims in the Underlying Action, and on that basis said Defendants deny each and every allegation contained therein.

## INSURANCE POLICY INFORMATION

17.  Jeremy Ehart, Kristy Ehart and McClanahan admit on information and belief the allegations of Paragraph 17.

18.  Jeremy Ehart, Kristy Ehart and McClanahan admit on information and belief that the Evanston policy contains a form similar to Commercial General Liability Coverage Form CG 00 01 07 98 ("CGL Form") attached to Evanston's Complaint as Exhibit 3. Said Defendants lack sufficient information or belief as to the truth of the remaining allegations of Paragraph 18, and on that basis deny each and every allegation contained therein.

19.  Jeremy Ehart, Kristy Ehart and McClanahan admit on information and belief that Evanston has accurately quoted certain provisions of the CGL Form. Said Defendants lack sufficient information or belief as to the truth of the remaining allegations of Paragraph 19, and on that basis deny each and every allegation contained therein.

20. Jeremy Ehart, Kristy Ehart and McClanahan admit on information and belief the allegations of Paragraph 20.

21. Jeremy Ehart, Kristy Ehart and McClanahan admit on information and belief the allegations of Paragraph 21.

22. Jeremy Ehart, Kristy Ehart and McClanahan admit on information and belief that Evanston has accurately quoted provisions appearing in Section III - Limits of Insurance of the CGL Form. Said Defendants lack sufficient information or belief as to the truth of the remaining allegations of Paragraph 22, and on that basis deny each and every allegation contained therein.

23. Jeremy Ehart, Kristy Ehart and McClanahan admit on information and belief the allegations of Paragraph 23.

24. Jeremy Ehart, Kristy Ehart and McClanahan lack sufficient information or belief as to the truth of the allegations of Paragraph 24, and on that basis deny each and every allegation contained therein.

## **CONTENTIONS OF THE PARTIES**

25. Jeremy Ehart, Kristy Ehart and McClanahan admit on information and belief that Evanston seeks a judicial declaration that its indemnity obligation to Ghillie Suits.com, Inc. and Todd Muirhead is limited to $1,000,000. Said Defendants deny that the Underlying Action asserts only one occurrence as defined by the Evanston policy and California law.

26. Jeremy Ehart, Kristy Ehart and McClanahan admit on information and belief that each of the Defendants to this lawsuit dispute Evanston's contention, and they further admit on information and belief that each of the Defendants at one time contended that Evanston's obligation was $2,000,000. Jeremy Ehart, Kristy Ehart and McClanahan deny that either they or Evanston's insureds now assert that Evanston's obligation is limited to just $2,000,000 because, on or about October 11, 2007, Evanston rejected a reasonable policy limits demand. Said Defendants contend that the rejection of the reasonable policy limits demand was a breach of the implied covenant of good faith and fair dealing, and as a consequence there no longer is any limit of liability for the injuries suffered by Jeremy Ehart, Kristy Ehart or McClanahan and the damages they recover in the

5
ANSWER OF DEFENDANTS JEREMY JAMES
EHART, KRISTY EHART AND STEVEN RYAN
McCLANAHAN TO COMPLAINT FOR DECLARATORY
RELIEF AND REIMBURSEMENT

1 Underlying Action.

2  27. Jeremy Ehart, Kristy Ehart and McClanahan lack sufficient information or belief as to the truth of the allegations of Paragraph 27, and on that basis deny each and every allegation contained therein.

 28. Jeremy Ehart, Kristy Ehart and McClanahan admit that an actual controversy exists as to the rights and liabilities of the parties to this lawsuit. Said Defendants deny that Evanston's dispute of its obligation to provide indemnity for the injuries to Jeremy Ehart, Kristy Ehart and McClanahan is genuine.

## **FIRST CAUSE OF ACTION**

### **(Declaratory Relief - Duty to Indemnify)**

 29. Jeremy Ehart, Kristy Ehart and McClanahan repeat and incorporate their responses to Paragraphs 1 through 28, inclusive, of the Complaint.

 30. Jeremy Ehart, Kristy Ehart and McClanahan admit on information and belief that an actual controversy has arisen and presently exists between Evanston and each of the Defendants to this lawsuit concerning their respective rights and obligations under the Evanston policy. Jeremy Ehart, Kristy Ehart and McClanahan also admit on information and belief that Evanston contends its duty to indemnify Ghillie Suits.com, Inc. in the Underlying Action is limited to $1,000,000, and that the Defendants to this lawsuit disagree with Evanston and contest its assertion of the $1,000,000 limit of liability. The remaining allegations of Paragraph 30 are ambiguous and incomplete with respect to the nature of the controversy, and on that basis Jeremy Ehart, Kristy Ehart and McClanahan deny each and every allegation contained therein.

## **SECOND CAUSE OF ACTION**

### **(Reimbursement)**

 31. Jeremy Ehart, Kristy Ehart and McClanahan repeat and incorporate their responses to Paragraphs 1 through 30 of the Complaint.

 32. Jeremy Ehart, Kristy Ehart and McClanahan lack sufficient information or belief as to the truth of the allegations of Paragraph 32, and on that basis deny each and every allegation

6

ANSWER OF DEFENDANTS JEREMY JAMES
EHART, KRISTY EHART AND STEVEN RYAN
McCLANAHAN TO COMPLAINT FOR DECLARATORY
RELIEF AND REIMBURSEMENT

contained therein.

33. Jeremy Ehart, Kristy Ehart and McClanahan lack sufficient information or belief as to the truth of the allegations of Paragraph 33, and on that basis deny each and every allegation contained therein.

34. Jeremy Ehart, Kristy Ehart and McClanahan lack sufficient information or belief as to the truth of the allegations of Paragraph 34, and on that basis deny each and every allegation contained therein.

### FIRST AFFIRMATIVE DEFENSE

35. Evanston's Complaint fails to state a claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

36. The claims asserted in Evanston's Complaint are barred, in whole or in part, by the doctrines of waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE

37. The claims asserted in Evanston's Complaint are barred, in whole or in part, by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

38. On or about October 11, 2007, Evanston rejected a reasonable settlement demand within its $2,000,000 policy limit for products-completed operations based entirely upon the wrongful assertion that one each occurrence limit of $1,000,000 applied to all of the claims alleged by Jeremy Ehart, Kristy Ehart and McClanahan. Said Defendants are informed and believe that in rejecting the demand, Evanston conceded that the liability of Ghillie Suits.com, Inc. and Todd Muirhead was clear. Said Defendants also are informed and believe that in rejecting the demand, Evanston conceded that the injuries to Jeremy Ehart, Kristy Ehart and McClanahan were so severe that the probable damages awarded against Ghillie Suits.com, Inc. and Todd Muirhead for all claims arising from those injuries would exceed $1,000,000 as to Jeremy Ehart and Kristy Ehart, and would exceed $1,000,000 as to McClanahan. Said Defendants are informed and believe that

Evanston rejected the demand on coverage grounds only, and therefore that it breached the duty of good faith and fair dealing owed Ghillie Suits.com, Inc. and Todd Muirhead to accept reasonable settlement offers within the limits of its insurance. As a consequence of its conduct, Evanston may not assert or enforce any limit of liability under the Evanston policy, and Plaintiff is now obligated to indemnify Ghillie Suits.com, Inc. and/or Todd Muirhead with respect to the full amount of any judgment entered in favor of Jeremy Ehart, Kristy Ehart and/or McClanahan.

### FIFTH AFFIRMATIVE DEFENSE

39. The claims asserted in Evanston's Complaint potentially seek a judicial determination of facts in issue in the Underlying Action, and Jeremy Ehart, Kristy Ehart and McClanahan reserve the right to seek a stay of this lawsuit to the extent that any resolution of the facts in this matter might impact the trial of the Underlying Action, or to the extent that such a resolution might otherwise cause prejudice to said Defendants' claims against Evanston's insureds and/or other parties to the Underlying Action.

### SIXTH AFFIRMATIVE DEFENSE

40. Jeremy Ehart, Kristy Ehart and McClanahan reserve the right to assert additional defenses which cannot now be asserted due to incompleteness of Plaintiff's allegations and/or the lack of discovery on the issues raised in the Complaint. Said Defendants do not waive any rights to coverage under the Evanston policy or applicable law.

### PRAYER

WHEREFORE, Defendants, and each of them, pray for judgment as follows:

1. That the Court enter judgment in favor of Jeremy Ehart, Kristy Ehart, McClanahan, Ghillie Suits.com, Inc. and Todd Muirhead declaring that the applicable limit of liability under the Evanston policy as written was $2,000,000 for two occurrences arising from the receiver flash injuries to Ehart and the separate rescue injuries to McClanahan;

2. That the Court enter further judgment in favor of Jeremy Ehart, Kristy Ehart, Steven Ryan McClanahan, Ghillie Suits.com, Inc. and Todd Muirhead declaring that Evanston's rejection of a reasonable settlement demand within the $2,000,000 limit of liability breached the implied

8
ANSWER OF DEFENDANTS JEREMY JAMES
EHART, KRISTY EHART AND STEVEN RYAN
McCLANAHAN TO COMPLAINT FOR DECLARATORY
RELIEF AND REIMBURSEMENT

covenant of good faith and fair dealing, and as a result there is now no limit on the liability of Evanston to indemnify an award of damages against Ghillie Suits.com and/or Todd Muirhead;

3. That Evanston take nothing by way of its Complaint for Declaratory Relief and Reimbursement;

4. That the Court award Jeremy Ehart, Kristy Ehart and McClanahan their costs of suit incurred in this action;

5. That the court award Jeremy Ehart, Kristy Ehart and McClanahan their attorney's fees incurred to obtain the benefits of Evanston's coverage; and

6. That the Court award such other and further relief as it deems just and proper.

DATED: June 24, 2008

WILLOUGHBY, STUART & BENING

By /S/ Alexander F. Stuart
ALEXANDER F. STUART
Attorneys for Defendants, Jeremy James Ehart, Kristy Ehart, and Steven Ryan McClanahan

## DEMAND FOR JURY TRIAL

Defendants Jeremy Ehart, Kristy Ehart and McClanahan hereby request a trial by jury on all claims for which a jury is permitted.

DATED: June 24, 2008

WILLOUGHBY, STUART & BENING

By /S/ Alexander F. Stuart
ALEXANDER F. STUART
Attorneys for Defendants, Jeremy James Ehart, Kristy Ehart, and Steven Ryan McClanahan

9
ANSWER OF DEFENDANTS JEREMY JAMES
EHART, KRISTY EHART AND STEVEN RYAN
McCLANAHAN TO COMPLAINT FOR DECLARATORY
RELIEF AND REIMBURSEMENT

ANSWER OF DEFENDANTS JEREMY JAMES
EHART, KRISTY EHART AND STEVEN RYAN
McCLANAHAN TO COMPLAINT FOR DECLARATORY
RELIEF AND REIMBURSEMENT