1160.10643S

Alexander F. Stuart - SBN 96141
WILLOUGHBY, STUART & BENING, INC.
50 W. San Fernando St., Suite 400
San Jose, California 95113
Telephone: (408) 289-1972
Facsimile: (408) 295-6375

Craig Needham - SBN 52010
Kristen Fish - SBN 217940
NEEDHAM, DAVIS, KEPNER & YOUNG, LLP
1960 The Alameda, Suite 210
San Jose, California 95126
Telephone: (408) 244-2166
Facsimile: (408) 244-7815

TINSMAN & SCIANO, INC.
Daniel J.T. Sciano (Pending Admission *Pro Hac Vice*)
10107 McAllister Freeway
San Antonio, Texas 78216
Telephone: (210) 225-3121
Facsimile: (210) 225-6235

Attorneys for Defendants and Counter-Claimants,
Jeremy James Ehart, Kristy Ehart, and
Steven Ryan McClanahan

# IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GHILLIES SUITS.COM, INC, a Georgia corporation; TODD MUIRHEARD, a Georgia resident; JEREMY JAMES EHART, a Kansas resident; KRISTY EHART, a Kansas resident; and STEVEN RYAN McCLANAHAN, a West Virginia resident, and DOES 1-10,<br><br>Defendants. | No. C08 02099 RMW<br><br>**COUNTER-CLAIM OF JEREMY JAMES EHART, KRISTY EHART AND STEVEN RYAN MCCLANAHAN FOR DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

---

1
**COUNTER-CLAIM OF JEREMY JAMES EHART, KRISTY EHART AND
STEVEN RYAN MCCLANAHAN FOR DECLARATORY JUDGMENT**

| | |
|---|---|
| JEREMY JAMES EHART, a Kansas resident; | ) |
| KRISTY EHART, a Kansas resident; and | ) |
| STEVEN RYAN McCLANAHAN, a Texas resident, | ) |
| | ) |
| Counter-Claimants | ) |
| | ) |
| vs. | ) |
| | ) |
| EVANSTON INSURANCE COMPANY, an Illinois corporation, | ) |
| | ) |
| Counter-Defendant, | ) |

Defendants and Counter-Claimants Jeremy James Ehart ("Jeremy Ehart"), Kristy Ehart and Steven Ryan McClanahan ("McClanahan") allege as follows:

## INTRODUCTION

1. This Counter-Claim seeks a judicial declaration with respect to certain duties of Counter-Defendant Evanston Insurance Company ("Evanston") with respect to an underlying civil action entitled *Jeremy James Ehart, et al. v. Ghillie Suits.com, Inc., et al.*, case no. C06-06507 JW filed in the United States District Court for the Northern District of California ("Underlying Action").

2. There is a present, active controversy between Evanston, on the one hand, and Jeremy Ehart, Kristy Ehart, McClanahan, and Evanston's insureds, on the other hand, concerning the amount of coverage available under a policy of general liability insurance issued by Evanston to Ghillie Suits.com, Inc. as named insured. Evanston has filed a Complaint in this matter alleging that a judicial declaration of Evanston's obligations is appropriate at this time. Counter-Claimants acknowledge that a declaration of the full scope of Evanston's duty to indemnify Ghillie Suits.com, Inc. and/or Todd Muirhead is appropriate at this time, provided Counter-Claimants' rights in the Underlying Action are not prejudiced.

## PARTIES

3. Jeremy Ehart is, and at all relevant times was, a resident of the State of Kansas.

4. Kristy Ehart is, and at all relevant times was, a resident of the State of Kansas.

5. McClanahan was a resident of the State of West Virginia when the Underlying action was filed. He is now a resident of the State of Texas.

6.   Counter-Claimants are informed and believe that Evanston is an insurance corporation domiciled in the State of Illinois.

**JURISDICTION**

7.   This Court has jurisdiction pursuant to 28. U.S.C. sections 1332 and 2201. Counter-Claimants are informed and believe that there is complete diversity of citizenship between Jeremy Ehart, Kristy Ehart, McClanahan and Evanston, and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. An actual controversy within the meaning of 28 U.S.C. section 2201 exists among the parties.

8.   Venue is proper in the Northern District of California pursuant to 28 U.S.C. section 1391 because the alleged events and breaches of duty giving rise to this Counter-Claim occurred in this District and arise from the related Underlying Action venued in this District.

**FACTUAL BACKGROUND**

9.   On or about October 28, 2004, Jeremy Ehart, a Lance Corporal in the United States Marines, was participating in a military exercise at Fort Hunter Liggett in the County of Monterey, State of California. He was wearing a commercial ghillie suit manufactured and sold by Evanston's insureds, Ghillie Suits.com, Inc. and Todd Muirhead. Jeremy Ehart's ghillie suit was defective because, among other reasons, the ghillie suit was not fire safe. While discharging a 50 caliber machine gun as directed by superiors, a receiver flash ignited Jeremy Ehart's ghillie suit, causing him to catch on fire.

10.   On or about October 28, 2004, McClanahan, a Corporal in the United States Marines, was participating in the same military exercise at Fort Hunter Liggett. He was wearing a similar commercial ghillie suit manufactured and sold by Evanston's insureds, Ghillie Suits.com, Inc. and Todd Muirhead. McClanahan was a safe distance from Jeremy Ehart – approximately 40 meters – when he first noticed that Jeremy Ehart had caught on fire.

11.   On or about October 28, 2004, a third person named Mac Moad ("Moad") was observing the military exercise when he too noticed that Jeremy Ehart had caught on fire. Moad was not wearing a ghillie suit.

12.   McClanahan and Moad immediately rushed to Jeremy Ehart's rescue, voluntarily

1  putting themselves in the zone of danger.  Both removed their jackets and used the jackets to
2  attempt to smother the flames.  In the course of their attempted rescue, McClanahan, who was still
3  wearing the pants of his ghillie suit, caught on fire too.  Moad, who was not wearing a ghillie suit,
4  did not catch on fire.

5         13.     Counter-Claimants have alleged in the Underlying Action that McClanahan's ghillie
6  suit was defective because, among other reasons, it was not fire safe.  The ghillie suit had been sold
7  with "Fire-Proof-It Spray," an eight-ounce bottle of "Inspecta Shield" fire retardant that was applied
8  to the ghillie suit by other Marines before the ghillie suit was provided to McClanahan.  As he
9  rushed to Jeremy Ehart's aid, putting himself at increased risk of injury because of the defective
10 ghillie suit he was wearing, McClanahan had reason to believe that the ghillie suit would not cause
11 him any harm.  McClanahan, in fact, had been told that the ghillie suit had been treated with fire
12 retardant.

13        14.     As alleged by Counter-Claimants in the Underlying Action, Jeremy Ehart and
14 McClanahan each suffered serious, debilitating injuries, and Jeremy Ehart's spouse, Kristy Ehart,
15 suffered loss of consortium.  The medical expenses incurred by Jeremy Ehart, a mere subset of the
16 damages suffered by Jeremy Ehart and Kristy Ehart, exceed $1,000,000.  The damages suffered by
17 McClanahan exceed $1,000,000 as well.

18        15.     At the time of the two accidents causing injury to Jeremy Ehart and McClanahan – i.e.,
19 the initial fire that engulfed Jeremy Ehart, and the subsequent fire that injured McClanahan after he
20 volunteered to enter the zone of danger – Ghillie Suits.com, Inc. and Muirhead were insured by
21 Evanston under a policy of general liability insurance.  Counter-Claimants are informed and believe
22 that the policy afforded coverage of $1,000,000 per occurrence and $2,000,000 in the aggregate for
23 products liability exposures.  Counter-Claimants are further informed and believe that the policy
24 utilized the term "occurrence" in such a way that, with respect to products manufactured and sold
25 by Ghillie Suits.com, Inc., "occurrence" could only mean an accident taking place after products
26 were sold to others, so that the number of occurrences would depend not on similarities in the
27 making or selling of the ghillie suits, but rather on the number of accidents which directly caused
28 the two fires.  The first accident was the receiver flash that ignited Jeremy Ehart's defective ghillie

4
**COUNTER-CLAIM OF JEREMY JAMES EHART, KRISTY EHART AND
STEVEN RYAN MCCLANAHAN FOR DECLARATORY JUDGMENT**

suit. The second accident was McClanahan's attempted rescue of Jeremy Ehart that ignited McClanahan's defective ghillie pants.

16. On or about October 11, 2007, Counter-Claimants made a demand for the $2,000,000 aggregate limit based on the obvious liability of Ghillie Suits.com, Inc. and Todd Muirhead for manufacturing and selling defective ghillie suits, and based on damages clearly exceeding $1,000,000 for Jeremy Ehart and Kristy Ehart, and damages clearly exceeding $1,000,000 for McClanahan. Counter-Claimants are informed and believe that Evanston rejected the policy limits demand based on a disputed coverage issue – i.e., the number of occurrences – and not based on the absence of a probable damages award against Ghillie Suits.com, Inc. and Muirhead exceeding $2,000,000.

## **FIRST CLAIM FOR RELIEF**

### **(Declaratory Judgment)**

17. Counter-Claimants repeat and incorporate by reference each and every allegation contained in paragraphs 1 through 16, inclusive, of this Counter-Claim.

18. An actual controversy exists between Counter-Claimants and Evanston with respect to the amount of coverage available under the Evanston policy to indemnify Ghillie Suits.com, Inc. and Todd Muirhead for damages because of injuries suffered by Jeremy Ehart, Kristy Ehart and McClanahan. Counter-Claimants contend that on or about October 11, 2007, Evanston breached its duty of good faith and fair dealing by rejecting a reasonable settlement demand within the applicable limits of the Evanston policy. Counter-Claimants are informed and believe that as a result of said breach, Evanston's policy limits are now open, meaning Evanston may not assert any limit of liability stated in the policy as grounds for refusing to pay the entirety of any judgment rendered in favor of Counter-Claimants and against Evanston's insureds. Counter-Claimants are informed and believe that Evanston disputes their contention, and that Evanston still adheres to the wrongful belief that the limits of insurance for the injuries to Jeremy Ehart, Kristy Ehart and McClanahan are a mere $1,000,000 – one-half of the $2,000,000 aggregate limit for products-completed operations.

19. Counter-Claimants desire a judicial declaration at this time because Evanston already

has asked the Court, by its Complaint in this matter, to declare the rights and obligations of the parties with respect to Evanston's duty to indemnify, and the parties will avoid a multiplicity of litigation if all issues relating to the amount of Evanston's coverage is decided in one proceeding.

20.     Counter-Claimants are informed and believe that Defendants Ghillie Suits.com, Inc. and Todd Muirhead agree with Counter-Claimants' contentions relative to the obligations of Evanston, and that said Defendants therefore desire the same declaration in order to ascertain their rights and obligations, and to avoid a multiplicity of litigation.

WHEREFORE, Counter-Claimants pray for judgment against Evanston as follows:

1.     That the Court enter a judgment declaring that Evanston breached the duty of good faith and fair dealing by failing to accept a reasonable settlement demand within its policy limits, and that Evanston therefore is bound to indemnify the full scope of any judgment awarded against its insureds;

2.     That the Court award Jeremy Ehart, Kristy Ehart and McClanahan their costs of suit incurred in this action;

3.     That the court award Jeremy Ehart, Kristy Ehart and McClanahan their attorney's fees incurred to obtain the benefits of Evanston's coverage; and

4.     That the Court award such other and further relief as it deems just and proper.

DATED: June 24, 2008

                          WILLOUGHBY, STUART & BENING

                          By  /S/ Alexander F. Stuart

ALEXANDER F. STUART
Attorneys for Defendants and Counter-Claimants, Jeremy James Ehart, Kristy Ehart, and Steven Ryan McClanahan

6
**COUNTER-CLAIM OF JEREMY JAMES EHART, KRISTY EHART AND STEVEN RYAN MCCLANAHAN FOR DECLARATORY JUDGMENT**

### **DEMAND FOR JURY TRIAL**

Defendants Jeremy Ehart, Kristy Ehart and McClanahan hereby request a trial by jury on all claims for which a jury is permitted.

DATED: June 24, 2008

WILLOUGHBY, STUART & BENING

By /S/ Alexander F. Stuart
ALEXANDER F. STUART
Attorneys for Defendants and Counter-Claimants, Jeremy James Ehart, Kristy Ehart, and Steven Ryan McClanahan