GERALD A. EMANUEL (BAR #61049)
HINKLE, JACHIMOWICZ, POINTER & EMANUEL
2007 West Hedding Street, Suite 100
San Jose, California 95128
Tel.: (408) 246-5500

Attorney for Defendants
GHILLIE SUITS.COM, INC and TODD MUIRHEAD

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, an Illinois corporation,<br><br>  Plaintiffs,<br><br>vs.<br><br>GHILLIE SUITS.COM, INC, a Georgia corporation; TODD MUIRHEAD, a Georgia resident; JEREMY JAMES EHART, a Kansas resident; KRISTY EHART, a Kansas resident; and STEVEN RYAN McCLANAHAN, a West Virginia resident, and DOES 1-10,<br><br>  Defendants. | No.: C08 02099 RMW<br><br>**ANSWER OF GHILLIE SUITS.COM, INC. AND TODD MUIRHEAD TO COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT AND DEMAND FOR JURY TRIAL** |

1

ANSWER OF GHILLIE SUITS.COM, INC. AND TODD MUIRHEAD TO COMPLAINT FOR
DECLARATORY RELIEF AND REIMBURSEMENT AND DEMAND FOR JURY TRIAL

| | |
|---|---|
| JEREMY JAMES EHART, a Kansas resident; KRISTY EHART, a Kansas resident; and STEVEN RYAN McCLANAHAN, a West Virginia resident, | ) ) ) ) ) ) ) |
| Counter-Claimants | ) ) |
| vs. | ) ) |
| EVANSTON INSURANCE COMPANY, an Illinois corporation, | ) ) ) ) |
| Counter-Defendants, | ) |

Defendants Ghillie Suits.Com, Inc ("Ghillie") and Todd Muirhead ("Muirhead") answer Plaintiff Evanston Insurance Company's ("Evanston") Complaint for Declaratory Relief and Reimbursement as follows:

## JURISDICTION AND VENUE

1. Ghillie and Muirhead admit on information and belief the allegations of Paragraph 1.

2. Ghillie and Muirhead admit on information and belief the allegations of Paragraph 2.

3. Ghillie and Muirhead admit on information and belief the allegations of Paragraph 3.

4. Ghillie and Muirhead admit on information and belief the allegations of the first sentence of Paragraph 4. Said Defendants lack sufficient information or belief as to the truth of the remaining allegations of Paragraph 4, and on that basis deny each and every allegation contained therein.

## THE PARTIES

5. Ghillie and Muirhead admit on information and belief that

HINKLE JACHIMOWICZ POINTER & EMANUEL
2007 W. HEDDING STREET
SAN JOSE, CALIFORNIA 95128
(408) 246-5500

1  Evanston is a corporation domiciled in the State of Illinois. Said
2  Defendants lack sufficient information or belief as to the truth of the
3  remaining allegations of Paragraph 5, and on that basis deny each and
4  every allegation contained therein.

5    6.    Ghillie and Muirhead admit the allegations of Paragraph 6.

6    7.    Ghillie and Muirhead admit the allegations of Paragraph 7.

7    8.    Ghillie and Muirhead admit the allegations of Paragraph 8.

8    9.    Ghillie and Muirhead admit the allegations of Paragraph 9.

9    10.    Ghillie and Muirhead admit that Defendant McClanahan
10 was previously a resident of the State of West Virginia. Said Defendants
11 deny that he was a resident of West Virginia at all relevant times.

12    11.    Ghillie and Muirhead lack sufficient information or belief as
13 to the truth of the allegations of Paragraph 11, and on that basis deny
14 each and every allegation contained therein.

## INTRODUCTION AND BACKGROUND

16    12.    Ghillie and Muirhead admit that this lawsuit concerns
17 insurance coverage for claims involving injuries sustained by Jeremy
18 Ehart and McClanahan while wearing Ghillie products. Said Defendants
19 also admit that a lawsuit entitled Jeremy James Ehart, Kristy Ehart and
20 Steven Ryan McClanahan v. Ghillie Suits.com, Inc., et al (USDC ND Cal.
21 SJ Div. Case No. 06 06507 JW) is the "Underlying Action" on which this
22 lawsuit is brought. Said Defendants also admit that the Underlying
23 Action was filed in the United States District Court for the Northern
24 District of California, and that the Complaint filed by Ghillie and
25 Muirhead in the Underlying Action is attached to Evanston's Complaint
26 as Exhibit 1 and incorporated into Evanston's Complaint as though fully
27 alleged in Paragraph 12. Said Defendants deny that this lawsuit
28 concerns insurance coverage for injuries to Jeremy Ehart and

HINKLE JACHIMOWICZ POINTER & EMANUEL
2007 W. HEDDING STREET
SAN JOSE, CALIFORNIA 95128
(408) 246-5500

1 McClanahan only, as the Underlying Action also alleges injuries to
2 Kristy Ehart.

3   13. Ghillie and Muirhead admit that at the time of those
4 injuries, both Jeremy Ehart and McClanahan were participating in
5 military exercises at Fort Hunter Liggett, located in the County of
6 Monterey, State of California, although the nature of the exercises had
7 changed when, observing that Jeremy Ehart was on fire, McClanahan
8 attempted in a separate occurance to rescue Jeremy Ehart and suffered
9 separately caused injuries of his own. Said Defendants admit that Co-
10 Defendants Jeremy James Ehart, Kristy Ehart and Steven Ryan
11 McClanahan described their versions of the circumstances giving rise to
12 the injuries to Jeremy Ehart and McClanahan in their Complaint in the
13 Underlying Action, and they admit that Evanston has quoted
14 paragraphs 22 and 23 of their Complaint, and the first sentence of
15 paragraph 24 of their Complaint, accurately. The remaining allegations
16 of Paragraph 13 are ambiguous and incomplete with respect to the
17 nature of the claims and circumstances giving rise to the injuries to
18 Jeremy Ehart and McClanahan, and/or mischaracterize said claims and
19 circumstances, and on that basis said Defendants deny each and every
20 allegation contained therein.  Ghillie and Muirhead lack sufficient
21 information or belief as to the truth of the allegations that burn related
22 injuries to Jeremy Ehart and McClanahan suffered on October 28, 2004
23 occurred while each was wearing a Ghillie suit or a portion of a Ghillie
24 suit, and on that basis deny each and every allegation contained
25 therein.

26   14. Ghillie and Muirhead admit that Jeremy James Ehart,
27 Kristy Ehart and Steven Ryan McClanahan are making the following
28 claims in the Underlying Action: (1) Strict Liability - Design Defect; (2)

HINKLE JACHIMOWICZ POINTER & EMANUEL
2007 W. HEDDING STREET
SAN JOSE, CALIFORNIA 95128
(408) 246-5500

1  Strict Liability - Failure to Warn; (3) Negligence; (4) Breach of Implied
2  Warranty of Fitness for a Particular Purpose, and that Kristy Ehart is
3  maintaining a claim for loss of consortium. The remaining allegations of
4  Paragraph 14 are ambiguous and incomplete with respect to the nature
5  of the circumstances giving rise to said Defendants' claims, and on that
6  basis said Defendants deny each and every allegation contained therein.

7      15.    Ghillie and Muirhead admit the allegations of Paragraph 15.

8      16.    Ghillie and Muirhead admit that the amount in controversy
9  in this case exceeds $75,000 exclusive of costs and interest because of
10 the injuries suffered by Ghillie and Muirhead.  The remaining
11 allegations of Paragraph 16 are ambiguous and incomplete with respect
12 to the nature of the claims in the Underlying Action, and on that basis
13 said Defendants deny each and every allegation contained therein.

## **INSURANCE POLICY INFORMATION**

15     17.    Ghillie and Muirhead admit on information and belief the
16 allegations of Paragraph 17.

17     18.    Ghillie and Muirhead admit on information and belief the
18 allegations of Paragraph 18.

19     19.    Ghillie and Muirhead admit on information and belief the
20 allegations of Paragraph 19.

21     20.    . Ghillie and Muirhead admit on information and belief the
22 allegations of Paragraph 20.

23     21.    Ghillie and Muirhead admit on information and belief the
24 allegations of Paragraph 21.

25     22.    Ghillie and Muirhead admit that Evanston has accurately
26 quoted provisions appearing in Section III - Limits of Insurance of the
27 CGL Form.

28     23.    Ghillie and Muirhead admit on information and belief the

HINKLE JACHIMOWICZ POINTER & EMANUEL
2007 W. HEDDING STREET
SAN JOSE, CALIFORNIA 95128
(408) 246-5500

1  allegations of Paragraph 23.

2  24.  Ghillie and Muirhead admit on information and belief the
3  allegations of Paragraph 24.

## CONTENTIONS OF THE PARTIES

5  25.  Ghillie and Muirhead admit on information and belief that
6  Evanston seeks a judicial declaration that its indemnity obligation to
7  Ghillie and Muirhead is limited to $1,000,000. Said Defendants deny
8  that the Underlying Action asserts only one occurrence as defined by the
9  Evanston policy and California law.

10  26.  Ghillie and Muirhead admit on information and belief that
11  each of the Defendants to this lawsuit dispute Evanston's contention,
12  and they further admit on information and belief that each of the
13  Defendants at one time contended that Evanston's obligation was
14  $2,000,000. Ghillie and Muirhead deny that any Defendant herein now
15  asserts that Evanston's obligation is limited to just $2,000,000 because,
16  on or about October 11, 2007, Evanston rejected a reasonable policy
17  limits demand. All Defendants contend that the rejection of the
18  reasonable policy limits demand was a breach of the implied covenant of
19  good faith and fair dealing, and as a consequence there no longer is any
20  limit of liability for the injuries suffered by Jeremy Ehart, Kristy Ehart or
21  McClanahan and the damages they recover in the Underlying Action and
22  that Evanston is obligated to pay all amounts awarded at trial.

23  27.  Ghillie and Muirhead lack sufficient information or belief as
24  to the truth of the allegations of Paragraph 27 and on that basis deny
25  each and every allegation contained therein.

26  28.  Ghillie and Muirhead admit that an actual controversy
27  exists as to the rights and liabilities of the parties to this lawsuit. Said
28  Defendants deny that Evanston's dispute of its obligation to provide

HINKLE JACHIMOWICZ POINTER & EMANUEL
2007 W. HEDDING STREET
SAN JOSE, CALIFORNIA 95128
(408) 246-5500

1  indemnity for the injuries to Ghillie and Muirhead is genuine.

## FIRST CAUSE OF ACTION

### (Declaratory Relief - Duty to Indemnify)

29.  Ghillie and Muirhead repeat and incorporate their responses to Paragraphs 1 through 28, inclusive, of the Complaint.

30.  Ghillie and Muirhead admit on information and belief the allegations of Paragraph 30.

## SECOND CAUSE OF ACTION

### (Reimbursement)

31.  Ghillie and Muirhead repeat and incorporate their responses to Paragraphs 1 through 30 of the Complaint.

32.  Ghillie and Muirhead lack sufficient information or belief as to the truth of the allegations of Paragraph 32, and on that basis deny each and every allegation contained therein.

33.  Ghillie and Muirhead lack sufficient information or belief as to the truth of the allegations of Paragraph 33, and that the allegations of Paragraph 33 are ambiguous and incomplete and on that basis deny each and every allegation contained therein.

34.  Ghillie and Muirhead deny all allegations contained in Paragraph 34.

## FIRST AFFIRMATIVE DEFENSE

35.  Evanston's Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

36.  The claims asserted in Evanston's Complaint are barred, in whole or in part, by the doctrines of waiver and estoppel.

## THIRD AFFIRMATIVE DEFENSE

37.  The claims asserted in Evanston's Complaint are barred, in

HINKLE JACHIMOWICZ POINTER & EMANUEL
2007 W. HEDDING STREET
SAN JOSE, CALIFORNIA 95128
(408) 246-5500

1    whole or in part, by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

38.  On or about October 11, 2007, Evanston rejected a reasonable settlement demand within its $2,000,000 policy limit for products-completed operations based entirely upon the wrongful assertion that one each occurrence limit of $1,000,000 applied to all of the claims against Ghillie and Muirhead. Said Defendants are informed and believe that in rejecting the demand, Evanston conceded that the liability of Ghillie Suits.com, Inc. and Todd Muirhead was clear. Said Defendants also are informed and believe that in rejecting the demand, Evanston conceded that the injuries to Jeremy Ehart, Kristy Ehart and McClanahan were so severe that the probable damages awarded against Ghillie Suits.com, Inc. and Todd Muirhead for all claims arising from those injuries would exceed $1,000,000 as to Jeremy Ehart and Kristy Ehart, and would exceed $1,000,000 as to McClanahan. Said Defendants are informed and believe that Evanston rejected the demand on coverage grounds only, and therefore that it breached the duty of good faith and fair dealing owed to Ghillie and Muirhead to accept reasonable settlement offers within the limits of its insurance. As a consequence of its conduct, Evanston may not assert or enforce any limit of liability under the Evanston policy, and Plaintiff is now obligated to indemnify Ghillie and Muirhead with respect to the full amount of any judgment entered in favor of Jeremy Ehart, Kristy Ehart and/or McClanahan.

## FIFTH AFFIRMATIVE DEFENSE

39.  The claims asserted in Evanston's Complaint potentially seek a judicial determination of facts in issue in the Underlying Action, and Ghillie and Muirhead reserve the right to seek a stay of this lawsuit

HINKLE JACHIMOWICZ POINTER & EMANUEL
2007 W. HEDDING STREET
SAN JOSE, CALIFORNIA 95128
(408) 246-5500

1 to the extent that any resolution of the facts in this matter might impact
2 the trial of the Underlying Action, or to the extent that such a resolution
3 might otherwise cause prejudice to said Defendants' claims against
4 Ghillie and Muirhead and/or other parties to the Underlying Action.

### SIXTH AFFIRMATIVE DEFENSE

40.   Ghillie and Muirhead reserve the right to assert additional defenses which cannot now be asserted due to incompleteness of Plaintiff's allegations and/or the lack of discovery on the issues raised in the Complaint. Said Defendants do not waive any rights to coverage under the Evanston policy or applicable law.

### PRAYER

WHEREFORE, Defendants, and each of them, pray for judgment as follows:

1.   That the Court enter judgment in favor of Jeremy Ehart, Kristy Ehart, McClanahan, Ghillie Suits.com, Inc. and Todd Muirhead declaring that the applicable limit of liability under the Evanston policy as written was $2,000,000 for two occurrences arising from the receiver flash injuries to Ehart and the separate rescue injuries to McClanahan;

2.   That the Court enter further judgment in favor of Jeremy Ehart, Kristy Ehart, Steven Ryan McClanahan, Ghillie Suits.com, Inc. and Todd Muirhead declaring that Evanston's rejection of a reasonable settlement demand within the $2,000,000 limit of liability breached the implied covenant of good faith and fair dealing, and as a result there is now no limit on the liability of Evanston to indemnify an award of damages against Ghillie Suits.com and/or Todd Muirhead;

3.   That Evanston take nothing by way of its Complaint for Declaratory Relief and Reimbursement;

4.   That the Court award Ghillie and Muirhead their costs of

ANSWER OF GHILLIE SUITS.COM, INC. AND TODD MUIRHEAD TO COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT AND DEMAND FOR JURY TRIAL

HINKLE JACHIMOWICZ POINTER & EMANUEL
2007 W. HEDDING STREET
SAN JOSE, CALIFORNIA 95128
(408) 246-5500

suit incurred in this action;

5. That the court award Ghillie and Muirhead their attorney's fees incurred to obtain the benefits of Evanston's coverage; and

6. That the Court award such other and further relief as it deems just and proper.

Dated: July 2, 2008            **HINKLE, JACHIMOWICZ, POINTER & EMANUEL**

    /S/ Gerald A. Emanuel
GERALD A. EMANUEL
Attorney for Defendants
GHILLIE SUITS.COM, INC and
TODD MUIRHEAD

///
///
///
///
///
///
///

## DEMAND FOR JURY TRIAL

Defendants Ghillie Suits.Com, Inc. and Todd Muirhead hereby request a trial by jury on all claims for which a jury is permitted.

Dated: July 2, 2008            **HINKLE, JACHIMOWICZ, POINTER & EMANUEL**

    /S/ Gerald A. Emanuel
GERALD A. EMANUEL
Attorney for Defendants
GHILLIE SUITS.COM, INC and
TODD MUIRHEAD

10
ANSWER OF GHILLIE SUITS.COM, INC. AND TODD MUIRHEAD TO COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT AND DEMAND FOR JURY TRIAL

HINKLE JACHIMOWICZ POINTER & EMANUEL
2007 W. HEDDING STREET
SAN JOSE, CALIFORNIA 95128
(408) 246-5500