Jeffrey S. Bolender (Bar No. 174423)
Thomas H. Schelly (Bar No. 217285)
Bolender & Associates,
A Professional Law Corporation
2601 Airport Drive, Suite 360
Torrance, CA 90505
Telephone: (310) 784-2443
Facsimile: (310) 784-2444

Attorney for Plaintiff and Counter-Defendant,
EVANSTON INSURANCE COMPANY

BOLENDER & ASSOCIATES
A Professional Law Corporation
2601 Airport Dr., Suite 360
Torrance, CA 90505

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, an Illinois corporation, <br><br><br> Plaintiff, <br><br> vs. <br><br> GHILLIE SUITS.COM, INC., a Georgia corporation; TODD MUIRHEAD, a Georgia resident; JEREMY JAMES EHART, a Kansas resident; KRISTY EHART, a Kansas resident; and STEVEN RYAN McCLANAHAN, a West Virginia resident, and DOES 1 – 100, <br><br><br> Defendants. | Case No.: C08-02099 JF <br> [Hon. Jeremy Fogel] <br><br> **NOTICE OF MOTION AND MOTION FOR ORDER DISMISSING COUNTERCLAIM OF GHILLIE SUITS.COM, INC., AND TODD MUIRHEAD; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Hearing Date: Sept. 19, 2008 <br> Hearing Time: 9:30 a.m. <br> Dept: Courtroom 3 <br><br> Complaint Filed: 4/22/2008 <br> Trial Date: None Set |

AND RELATED COUNTER-CLAIMS

1

TO ALL PARTIES AND THEIR ATTORNEYS:

NOTICE IS HEREBY GIVEN that on September 19, 2008, at 9:30 a.m., or as soon thereafter as counsel may be heard in Courtroom 3 of the above-entitled court, located at 280 South 1st Street, San Jose, California, counter-defendant Evanston Insurance Company ("Evanston"), will and hereby does move the Court for an order dismissing counter-claimants Ghillie Suits.com, Inc.'s and Todd Muirhead's Counterclaim with prejudice, and each and every claim for relief therein, pursuant to *Federal Rules of Civil Procedure*, Rule 12; alternatively, if for any reason an order of dismissal of the entire counterclaim cannot be had, counter-defendant moves for the following order pursuant to Rule 12:

An order striking all references to breach of the duty of good faith and fair dealing, including:

(a)  page 6, lines 22 through 23, and line 26;

(b)  page 7, lines 23 through 24.

This motion is brought pursuant to *Federal Rule of Civil Procedure* Rule 12 and on the grounds that:

1.   The counter-claimants have failed to state a viable claim for declaratory relief in this instance because the counter-claimants failed to allege sufficient facts to constitute a cause of action;

2.    Seeks relief that is contrary to the purpose of the Declaratory Judgment Act; and

3.    Fails to present a case or controversy that is sufficiently ripe for adjudication.

Pursuant to this court's standing order regarding case management in civil cases, counsel for Evanston and the counter-claimants have met and conferred and determined that the noticed hearing date will not cause undue prejudice to either party.

This motion will be based on this Notice of Motion and Motion; the Memorandum of Points and Authorities; the Request for Judicial Notice; the Proposed Order Granting Motion to Dismiss with Prejudice; the pleadings and papers filed herein; and upon such other matters as may be presented to the Court at the time of the hearing.

BOLENDER & ASSOCIATES,
A Professional Law Corporation

Dated: July 11, 2008      By: _____
                          Jeffrey S. Bolender
                          Thomas H. Schelly,
                          Attorneys for Plaintiff,
                          Evanston Insurance Company

3

1

2

## TABLE OF CONTENTS

3

TABLE OF CONTENTS .......................................i

4

TABLE OF AUTHORITIES ........................ii,iii,iv

5

I.    INTRODUCTION .......................................1

6

II.   FACTUAL BACKGROUND ................................1

8

    1. Underlying Action ..............................1

9

    2. The Declaratory Relief Action .................3

10

        A. The Complaint ..............................3

11

        B. Counterclaim ..............................4

12

III. LEGAL ARGUMENT......................................4

13

    1. Legal Standard ................................4

14

        A. Motion to Dismiss .........................4

15

        B. Motion to Strike ..........................5

16

    2. Counter-Claimants Do Not State A Valid Claim For Breach
Of The Covenant Of Good Faith And Fair Dealing Against

17

Evanston ........................................5

18

        A. The Counterclaim Does Not Allege Sufficient
Facts To Support A Cause Of Action For

19

           Insurance Bad Faith .........................6

20

        B. Evanston's Alleged Unwillingness To Accept
Counterclaimants' Settlement Demand Is Not

21

           Yet An Actionable Claim ....................7

22

    3. The Relief Sought By Counter-Claimants Is
Contrary To The Purpose Of The Declaratory

23

Judgment Act ....................................10

24

    4. Counter-Claimants' Claim Has Not Ripened
Into A Case Or Controversy .....................12

25

26

    5. In The Alternative, The Court Should Strike
The Offending Portions Of The Counterclaim ..........14

27

IV.   CONCLUSION .......................................14

28

1

## TABLE OF AUTHORITIES

2

### CASE LAW

3

4

5

*American Casualty Company of Reading, Pa. v. Krieger*

6
      (9th Cir. 1999) 181 F.3d 1113 ........................6

7

*American States Insurance Company v. Kearns*

8
      (9th Cir. 1994) 15 F.3d 142 ........................11

9

10

*Certain Underwriters at Lloyd's London v. A&D Interests, Inc.*

11
      (S.D.Tex 2002) 197 F. Supp. 2d 741 ................12

12

*Comunale v. Traders & General Ins. Co.*

13
      (1958) 50 Cal.2d 654 ..............................8

14

15

*Doser v. Middlesex Mutual Insurance Company*

16
      (1980) 101 Cal.App.3d 883 ........................8,9

17

*Erie Railroad Co. v. Tompkins*

18
      (1938) 304 US 64, 78 ..............................5

19

20

*Fantasy, Inc. v. Fogerty*

21
      (9th Cir. 1993) 984 F.2d 1524 .....................5

22

*Finkelstein v. 20th Century Ins. Co.*

23
      (1993) 11 Cal.App.4th 926 .........................8

24

25

*Fogerty v. Fantasy, Inc.*

26
      (1994) 510 US 517 .................................5

27

28

*Foley v. Interactive Data Corporation*
       (1988) 47 Cal.3d 654 ..................................6

*Griffin v. Allstate Insurance Company*
       (C.D.Cal. 1996) 920 F.Supp. 127......................7

*Hamilton v. Maryland Casualty Company*
       (2002) 27 Cal.4th 718 .............................6,8

*Kenney v Kenney*
       (SDNY 2007) 494 F.Supp.2d 252 .....................12

*Love v. Fire Insurance Exchange*
       (1990) 221 Cal.App.3d 1136 .........................6

*New Orleans Public Service, Inc. v. Council of New Orleans*
       (5th Cir. 1987) 833 F.2d 583 .....................12

*Societe de Conditionnement v. Hunter Engineering Company*, Inc.
       (9th Cir. 1981) 655 F2d 938 .......................11

*Travelers Insurance Company v. Davis*
       (3rd Cir. 1974) 490 F.2d 536 .....................10

*Waller v. Truck Insurance Exchange, Inc.*
       (1995) 11 Cal.4th 1 ...............................6

**STATUTES**

*28 United States Code*, Sections 2201, *et seq.* ..........10

*28 United States Code*, Sections 2201(a) ................10

*Federal Rules of Civil Procedure*, Rule 12(b)(6) ..........4

*Federal Rules of Civil Procedure*, Rule 12(f) ...........14

1

2      ## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO

3      ## DISMISS COUNTERCLAIM

4      ### INTRODUCTION

5          Although counter-claimants Ghillie Suits.com, Inc. and

6      Todd Muirhead (collectively the "Insured") frame their

7      counterclaim as a declaratory relief action, in actuality, the

8      Insureds improperly assert a claim for insurer's breach of the

9      covenant of good faith and fair dealing or "bad faith" claim.

10     Not only do the Insureds' declaratory relief action seek to

11     declare that Evanston Insurance Company ("Evanston") committed

12     prior "bad act" before the cause action has accrued, the relief

13     sought runs contrary to the purpose of the Declaratory Judgment

14     Act, and fails to present a justiciable "case or controversy"

15     as required by the Declaratory Judgment Act.

16

17         The Insureds' counterclaim is improper, premature, and

18     should be dismissed with prejudice.

19

20     ### FACTUAL BACKGROUND

21     1.   **Underlying Action**

22

23         The Insureds' allege that this action arises out of an

24     underlying lawsuit for personal injury and product defect

25     resulting from burn injuries suffered during a military

26     training exercise on October 28, 2004 ("Underlying Event").

27     [See, Counterclaim, paragraph 1, attached as Exhibit A to

28

Evanston's Request for Judicial Notice]. At the time of the Underlying Event, Jeremy James Ehart and Steven Ryan McClanahan were wearing specialized clothing called "ghillie suits," which were manufactured and distributed by the Insureds. [See, Counterclaim, paragraphs 9 and 10]. During the training exercise, Jeremy Ehart's ghillie suit caught fire. [See, Id.]. Steven McClanahan attempted to extinguish the flames, but his ghillie suit caught fire in the process. [See, Counterclaim, paragraph 11]. Both men were allegedly badly burned. [See, Counterclaim, paragraph 12].

The Insureds allege that at the time of the Underlying Event, Ghillie Suits.com, Inc. was insured under a general liability insurance policy that had been issued by Evanston. [See, Counterclaim, paragraph 13]. The policy provided indemnity of up to one million dollars ($1,000,000) *per occurrence* for "bodily injury" and/or "property damage," and two million dollars ($2,000,000) aggregate. [See, Id.]

Jeremy Ehart, his wife Kristy Ehart, and Steven McClanahan (collectively the "Underlying plaintiffs") brought an action against five entities, including the Insureds, for strict product liability (design defect and failure to warn), negligence, breach of implied warranty, and loss of consortium (the "Underlying lawsuit"). [See, Complaint, paragraph 14]. The Insureds then tendered the Underlying lawsuit to Evanston.

Evanston agreed to defend the Insureds, subject to a reservation of rights. [See, Complaint, paragraphs 24 and 32].

The Insureds allege that, on or about October 11, 2007, the Underlying plaintiffs made a $2,000,000 settlement demand on the Insureds. [See, Counterclaim, paragraph 14 and 16]. The Insureds allege that Evanston declined to accept the settlement offer on the basis that there was only one occurrence arising out of the Underlying lawsuit, thus the policy limit was $1,000,000. [See, Id.].

To date, the Underlying lawsuit has not yet been resolved via settlement or judgment.

2.    **The Declaratory Relief Action**

    A.    **The Complaint**

Evanston filed suit on April 22, 2008, setting forth claims for declaratory relief and reimbursement. Evanston contends that it is only obligated to provide the Insureds up to one million dollars ($1,000,000) in indemnity regarding events that occurred on October 28, 2004. [See, Complaint, paragraph 25]. Evanston has not withdrawn its defense, but it seeks reimbursement for any payments made on the Insureds behalf for indemnification in excess of one million dollars. [See, Complaint, paragraphs 31 through 35]. In order to ensure that any judgment regarding Evanston's obligations under the policy were final and binding on all interested parties,

Evanston named the Underlying plaintiffs as defendants in the complaint.

### B.    Counterclaim

The Insureds answered the complaint and filed a counterclaim seeking a declaration that Evanston was in breach of the implied covenant of good faith and fair dealing for not accepting their offer of two million ($2,000,000) in settlement of the Underlying lawsuit. [See, Counterclaim, paragraphs 15 through 18]. The Insureds request that the Court issue an order preventing Evanston from asserting the policy limits with respect to declining to pay any judgment in excess of the stated policy limits of $1,000,000, or even the $2,000,000 aggregate limit. [See, Id.] Although the Insureds did not allege any damages, the Insureds seek damages in the form of a blank check to be signed by Evanston. [See, Id.]

### LEGAL ARGUMENT

### 1.    Legal Standard

### A.    Motion to Dismiss

*Federal Rules of Civil Procedure*, Rule 12(b)(6) authorizes this court to dismiss the Insureds' counterclaim on the grounds that the counterclaim fails to state a cause of action upon which relief can be granted.

### B.     Motion to Strike

Pursuant to *Federal Rules of Civil Procedure*, Rule 12(f), a party may move to strike any redundant, immaterial, impertinent or scandalous matter before responding to a pleading. *Fantasy, Inc. v. Fogerty* (9th Cir. 1993) 984 F.2d 1524, 1527 (disapproved on other grounds in *Fogerty v. Fantasy, Inc.* (1994) 510 US 517, 534-535).

## 2.   The Insureds Do Not State A Valid Claim For Breach Of The Covenant Of Good Faith And Fair Dealing Against Evanston.

The Insureds cannot state a claim for breach of the implied-covenant for failure to settle.[1] Although couched as a declaratory relief action to determine the parties respective rights, in reality the Insureds improperly seek to establish that Evanston committed the tort of breach of the covenant of good faith and fair dealing.

### A.     The Counterclaim Does Not Allege Sufficient Facts To Support A Cause Of Action For Insurance Bad Faith

The Insureds fail to allege the requisite elements for the tort of breach of the implied covenant of good faith and fair dealing.  California law recognizes the rule that "[e]very

---

[1] Breach of the covenant of good faith and fair dealing is determined pursuant to California law.  Federal courts exercising diversity jurisdiction must apply the substantive law of the state in which they are located except on matters governed by the U.S. Constitution or federal statutes. *Erie Railroad Co. v. Tompkins* (1938) 304 US 64, 78.

5

contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *Foley v. Interactive Data Corporation* (1988) 47 Cal.3d 654, 683.  The covenant is implied as "a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct that frustrates the other party's rights to the benefits of the agreement." *Waller v. Truck Insurance Exchange, Inc.* (1995) 11 Cal.4th 1, 36. With respect to settlement demands made on the insured, "California courts have derived an implied duty on the party of the insurer to accept reasonable settlement demands." *Hamilton v. Maryland Casualty Company* (2002) 27 Cal.4th 718, 724.

"There are at least two separate requirements to establish breach of the implied covenant [of good faith and fair dealing]: (1) benefits due under the policy must have been withheld; and (2) the reason for withholding benefits must have been unreasonable or without proper cause." *Love v. Fire Insurance Exchange* (1990) 221 Cal.App.3d 1136, 1151; *See, Also, American Casualty Company of Reading, Pa. v. Krieger* (9th Cir. 1999) 181 F.3d 1113, 1123 (applying California law, the Appellate Court explicitly rejected tort liability in coverage refusal cases unless the insurer's denial of coverage was "unreasonable").  "Thus, a court will not question an insurer's good faith *until benefits are due*, and it has allegedly prevented the insured from collecting the benefits." *Griffin v. Allstate Insurance Company* (C.D.Cal. 1996) 920 F.Supp. 127, 131

6

(emphasis added); *Hamilton v. Maryland Casualty Company,* 27 Cal.4[th] at 725.

The Insureds have not (indeed, cannot) alleged that Evanston withheld the policy's defense or indemnity benefits. Evanston agreed to defend the Insureds, and it continues to defend each and every claim against the Insureds in the Underlying lawsuit.  Moreover, the event triggering the policy's indemnity benefit has not yet occurred – a final judgment in favor of the Underlying plaintiffs and against the Insureds.  Although the Underlying plaintiffs made a settlement demand, merely demanding that the Insureds pay them money does not trigger Evanston's duty to indemnify.  Consequently, the Insureds have not alleged that any benefits that are due under the policy have been withheld, thereby eliminating any basis to support its implied-covenant cause of action.

> **B.    Evanston's Alleged Unwillingness To Accept The Insureds' Settlement Demand Is Not Yet An Actionable Claim**

A cause of action for breach of the implied covenant of good faith and fair dealing for unreasonable failure to accept a settlement offer has not yet accrued.  Under narrow circumstances, an insurer may be subject to extracontractual liability if it unreasonably fails to accept a settlement offer within policy limits <u>and</u> a judgment is thereafter entered in excess of policy limits. *Comunale v. Traders & General Ins. Co.*

1   (1958) 50 Cal.2d 654, 661; *Hamilton v. Maryland Casualty*

2   *Company*, 27 Cal.4th at 727-730.   Such an implied-covenant claim

3   does not mature into an actionable cause of action unless <u>and</u>

4   until the excess judgment is entered:

6           It is well established that an insurance company is
            liable to an insured when the insurer unreasonably
            refuses to settle the case within the insured's
7           policy limits *and* a "judgment" in excess of those
            limits is ultimately rendered against the insured.

9           *Finkelstein v. 20th Century Ins. Co.* (1993) 11 Cal.App.4th

10  926, 929 (emphasis added).

12          Indeed, the "mere possibility, or even probability, that

13  an event causing damage will result from a wrongful act does

    not render the act actionable."   *Doser v. Middlesex Mutual*

14  *Insurance Company* (1980) 101 Cal.App.3d 883, 892. In *Doser,* the

15  Appellate Court held:

17          "The breach of duty to settle within policy
            limits presented only the possibility that a judgment
18          might be rendered in excess  policy limits. Even if
            [the insurer] did reject the settlement offer within
19          policy limits, [the insurer] would not have been
            subject to liability if [the insurer] had been
20          successful in the defense of the litigation and a
            judgment had been rendered below the settlement offer,
21          or a complete defense verdict had been obtained."

23          *Id.* at 892.

24          Evanston has the right to proceed to trial on the

25  Underlying lawsuit and attempt to obtain a favorable result.

26  *Doser*, 101 Cal.App.3d at 891-892.   At this time, Evanston is

27  providing a defense for the Insureds in the Underlying lawsuit.

28

Irrespective of Underlying plaintiffs' belief in the merits of their position, a jury might (1) rule in favor of all the defendants, (2) it might rule in favor of the Insureds, (3) it might rule in favor of the Underlying plaintiffs for less than two million dollars, or even less than one million dollars,(4) it might apportion the liability among the five defendants, with the result that the Insureds are not obligated to pay more than two million dollars, or even one million dollars to the Underlying plaintiffs, or (5) a jury awards the full amount of the Underlying plaintiffs' damages against the Insureds, and the Underlying plaintiffs agree to settle the Underlying lawsuit within the policy limits rather than face an appeal or any other post-judgment concerns.  However, only if the Underlying lawsuit is prosecuted to judgment in favor of the Underlying plaintiffs, *and* against the Insureds (who are two of the five defendants in the Underlying lawsuit), *and* the judgment is entered in an amount in excess of the policy limit, would such exposure to damages in excess of the policy limit give rise to a mature, actionable claim for bad faith failure to settle. *Id.*

 The Insureds seek to impose liability (the obligation to pay any judgment in excess of the policy limits) before the cause of action has become actionable. Evanston's motion to dismiss this counterclaim should be granted and the counterclaim dismissed with prejudice.

3.    **The Relief Sought By The Insureds Is Contrary To The Purpose Of The Declaratory Judgment Act.**

The Insureds improperly seek to redress alleged past wrongs, not a determination of any parties' rights or obligations.  28 U.S.C. Section 2201(a) states, in pertinent part, that "[i]n a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration…."

The Court's granting of a declaratory judgment is discretionary and not mandatory. "Said discretion is to be exercised in accordance with sound judicial principles and the purposes of the Declaratory Judgment Act." *Travelers Insurance Company v. Davis* (3rd Cir. 1974) 490 F.2d 536, 543.  The objectives of Federal Declaratory Judgment Act (28 *United States Code*, Sections 2201, *et seq.*) are to avoid accrual of avoidable damages to one not certain of his rights and to *afford him early adjudication without waiting until his adversary should see fit to begin suit, after damage had accrued; additional purpose is to clarify legal relationships before they have been disturbed or party's rights violated.* *Id.* (emphasis added).  In other words, it permits parties uncertain of their obligations to avoid incurring liability for damages by obtaining a declaratory judgment in advance of

performance. *Societe de Conditionnement v. Hunter Engineering Company*, Inc. (9th Cir. 1981) 655 F2d 938, 943.  It is for this reason that Courts have held that an insurer seeking a declaration of its rights and obligations pursuant to an insurance policy may bring an action for declaratory relief. *American States Insurance Company v. Kearns* (9th Cir. 1994) 15 F.3d 142, 144-145.

Unlike Evanston's declaratory relief action, which seeks a determination of its obligations in order to avoid incurring liability for damages, the Insureds improperly seek a determination of prior wrongdoing, thereby allowing them to recover damages (as described above, although the Insureds did not allege damages, the counterclaim essentially seeks damages in the form of an open-ended recovery potential from Evanston). The judgment sought in the counterclaim would not allow Evanston or any other party to avoid incurring liability for damages in advance of performance.  To the contrary, it seeks to establish liability based upon past performance without the requirement of pleading actual damages. Should the Insureds prevail on their counterclaim, Evanston would be trapped, unable to alter its conduct or course of action in any way to avoid liability, thereby defeating the entire purpose of the Declaratory Judgment Act.

**4.    The Insureds' Claim Has Not Ripened Into A Case Or Controversy**

The Insureds fail to allege facts that sufficiently constitute a case or controversy as additional factual development is needed before Evanston can be found to have breached the covenant of good faith and fair dealing. "A court should dismiss a case for lack of ripeness when the case is abstract or hypothetical." "A case is generally ripe if the remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." *Certain Underwriters at Lloyd's London v. A&D Interests, Inc.* (S.D.Tex. 2002) 197 F. Supp. 2d 741, 749 (citing *New Orleans Public Service, Inc. v. Council of New Orleans* (5th Cir. 1987) 833 F.2d 583, 586-87 (internal citations omitted). Indeed, without an "actual or imminent injury" in fact, the Insureds do not present the Court with a "case or controversy" that is ripe for adjudication. *Kenney v Kenney* (SDNY 2007) 494 F.Supp.2d 252, 255 (holding there was absence of case or controversy because plaintiffs conceded that defendant had yet to refuse to provide them with any specific information concerning prospective business endeavor and there were currently no particular prospective business endeavors for which plaintiffs required information).

The Insureds' allegations that Evanston breached the covenant of good faith and fair dealing are entirely

hypothetical.  Additional factual development is needed before it can be determined with justiciable certainty (i.e., ripeness) that Evanston will be liable for any breach. As stated above, should the Underlying lawsuit proceed to trial, a jury might (1) rule in favor of all the defendants, (2) it might rule in favor of the Insureds, (3) it might rule in favor of the Underlying plaintiffs for less than two million dollars, or even less than one million dollars, or (4) it might apportion the liability among the five defendants, with the result that the Insureds are not obligated to pay more than two million dollars, or even one million dollars to the Underlying plaintiffs.  In addition, even if a jury awards the full amount of the Underlying plaintiffs' damages against the Insureds, the Underlying plaintiffs might agree to settle the Underlying lawsuit within the policy limits rather than face an appeal or any other post-judgment concerns.  Clearly, additional factual development is needed to determine the issue of Evanston's liability for breach of the covenant of good faith and fair dealing. The matter presented in the counterclaim has not yet ripened into a claim or controversy as required by the Declaratory Judgment Act.  This motion should be granted and the counterclaim dismissed with prejudice.

///

**5.    In The Alternative, The Court Should Strike The Offending Portions Of The Counterclaim.**

Pursuant to *Federal Rules of Civil Procedure*, Rule 12(f), should this Court be disinclined to dismiss the counterclaim in its entirety, based upon the foregoing facts and legal argument, this Court should strike all references to breach of the duty of good faith and fair dealing, as alleged in the counterclaim at page 5, lines 18 through 19, and line 21, and page 6, lines 9 through 10.

### CONCLUSION

Based upon the foregoing, Evanston respectfully requests that the Court grant its motion to dismiss the counterclaim with prejudice.  In the alternative, based upon the foregoing, Evanston respectfully requests that the Court grant its motion to strike the offending portions of the counterclaim.

BOLENDER & ASSOCIATES,
A Professional Law Corporation

Dated: July 11, 2008        By: _____
                            Jeffrey S. Bolender
                            Thomas H. Schelly,
                            Attorneys for Plaintiff,
                            Evanston Insurance Company