Jeffrey S. Bolender (Bar No. 174423)
Thomas H. Schelly (Bar No. 217285)
Bolender & Associates,
A Professional Law Corporation
2601 Airport Drive, Suite 360
Torrance, CA 90505
Telephone: (310) 784-2443
Facsimile: (310) 784-2444

Attorney for Plaintiff,
EVANSTON INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GHILLIE SUITS.COM, INC., a Georgia corporation; TODD MUIRHEARD, a Georgia resident; JEREMY JAMES EHART, a Kansas resident; KRISTY EHART, a Kansas resident; and STEVEN RYAN McCLANAHAN, a West Virginia Resident, and DOES 1 - 100,<br><br>Defendants. | Case No. C08 02099 JF<br><br>**[PROPOSED] ORDER RE MOTION FOR ORDER DISMISSING COUNTERCLAIM OF GHILLIE SUITS.COM, INC., AND TODD MUIRHEAD**<br><br>Hearing Date: Sept. 19, 2008<br>Hearing Time: 9:30 a.m.<br>Dept: Courtroom 3<br><br>Complaint Filed: 4/22/2008<br>Trial Date: None Set |
| AND RELATED COUNTERCLAIMS | |

Case 5:08-cv-02099-JF     Document 24     Filed 07/11/2008     Page 2 of 4

The Motion for Order Dismissing Counterclaim filed by counter-defendant Evanston Insurance Company came on regularly for hearing before this Court on September 19, 2008. Thomas H. Schelly, Esq. appeared on behalf of counter-defendant. Gerald A Emanuel, Esq., appeared on behalf of counter-claimants. After considering all supporting and opposing papers, arguments of counsel, and all other matters presented to the Court, the Court makes the following findings of fact and law:

1. Counter-claimants have not alleged a breach of the implied covenant of good faith and fair dealing or any resulting damages as permitted by California law with respect to that theory of liability. Counter-claimants have not alleged that counter-defendant has ever withheld any contract benefits that are presently due, counter-claimants cannot state a breach of the implied covenant. *Love v. Fire Insurance Exchange* (1990) 221 Cal.App.3d 1136; *American Casualty Company of Reading, Pa. v. Krieger* (9th Cir. 1999) 181 F.3d 1113; *Griffin v. Allstate Insurance Company* (C.D.Cal. 1996) 920 F.Supp. 127.

2. Counter-claimants have not alleged a breach of the implied covenant of good faith and fair dealing for alleged failure to settle within the policy limits, as a cause of action for breach of the implied covenant does not mature into an actionable claim unless and until a judgment against it is

2
[PROPOSED] ORDER
CASE NO. C08 02099 JF

entered in excess of the policy limits. *Hamilton v. Maryland Casualty Company* (2002) 27 Cal.4th 718; *Finkelstein v. 20th Century Ins. Co.* (1993) 11 Cal.App.4th 926; *Comunale v. Traders & General Ins. Co.* (1958) 50 Cal.2d 654; *Doser v. Middlesex Mutual Ins. Co.* (1980) 101 Cal.App.3d 883.

3. The relief sought by the counterclaim would not allow any party to avoid incurring liability for damages by obtaining a declaratory judgment in advance of performance. Therefore, the relief sought is not in accordance with sound judicial principles and the purposes of the Declaratory Judgment Act. 28 *United States Code*, Sections 2201, et seq.; *Travelers Insurance Company v. Davis* (3rd Cir. 1974) 490 F.2d 536; *Societe de Conditionnement v. Hunter Engineering Company, Inc.* (9th Cir. 1981) 655 F2d 938; *American States Insurance Company v. Kearns* (9th Cir. 1994) 15 F.3d 142.

4. Counter-claimants fail to allege a case or controversy that is sufficiently ripe for adjudication as required by the Declaratory Judgment Act as additional factual development is needed before the matter can be determined with justiciable certainty. 28 *United States Code*, Sections 2201, et seq.; *New Orleans Public Service, Inc. v. Council of New Orleans* (5th Cir. 1987) 833 F.2d 583; *Certain Underwriters at Lloyd's London v. A&D Interests, Inc.* (S.D.Tex 2002) 197 F.Supp.2d 741,.

1  IT IS HEREBY ORDERED THAT the motion is GRANTED, and that
2  each and every claim in the counterclaim of Ghillie Suits.com,
3  Inc. and Todd Muirhead is dismissed with prejudice.
4
5  Dated: _____

               _____
               United States District Court Judge