U:\Jeffrey\Ghillie Suits\MSJ\Partial.MSJ.Bolender.Dec.Final.doc

1  Jeffrey S. Bolender (Bar No. 174423)
   Bolender & Associates,
2  A Professional Law Corporation
3  2601 Airport Drive, Suite 360
   Torrance, CA 90505
4  Telephone: (310) 784-2443
   Facsimile: (310) 784-2444
5
6  Attorney for Plaintiff,
   EVANSTON INSURANCE COMPANY
7
8
9               UNITED STATES DISTRICT COURT
10    NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION
11
12  EVANSTON INSURANCE COMPANY,          Case No. C08 02099 JF
    an Illinois corporation,
13                                        **DECLARATION OF JEFFREY S.**
                    Plaintiff,            **BOLENDER IN SUPPORT OF**
14                                        **PLAINTIFF EVANSTON INSURANCE**
    vs.                                   **COMPANY'S MOTION FOR PARTIAL**
15                                        **SUMMARY JUDGMENT; EXHIBIT 1**
    GHILLIE SUITS.COM, INC., a
16  Georgia corporation; TODD
    MUIRHEARD, a Georgia                 Date  : Sept. 19, 2008
17  resident; JEREMY JAMES EHART,        Time  : 9:00 a.m.
    a Kansas resident; KRISTY            Place : Courtroom 3
18  EHART, a Kansas resident; and        Judge : Hon. Jeremy Fogel
    STEVEN RYAN McCLANAHAN, a
19  West Virginia Resident, and          Complaint Filed: 4/22/2008
    DOES 1 - 100,                        Trial Date: None Set
20
21                  Defendants.
22
23
24
25
26
27
28

BOLENDER & ASSOCIATES
A Professional Law Corporation
2601 Airport Dr., Suite 360
Torrance, CA 90505

U:\Jeffrey\Ghillie Suits\MSJ\Partial.MSJ.Bolender.Dec.Final.doc

## DECLARATION OF JEFFREY S. BOLENDER

I, Jeffrey S. Bolender, declare:

1.    I am an attorney, duly licensed to practice in the Northern District of California, and am shareholder in the law firm Bolender and Associates, attorneys of record for Plaintiff Evanston Insurance Company ("Evanston"). I am submitting this declaration in support of Evanston's Motion for Summary Judgment. I have personal knowledge of the following facts, and if called to testify under oath, I could and would competently testify to those facts from my own personal knowledge.

2.    A true and correct copy of the Complaint in *Jeremy James Ehart, et al. v. Ghillie Suits.Com.Inc., et al.*; United States District Court, Northern District of California, San Jose Division, Case No. C06 06507, is attached hereto as Exhibit 1 (hereinafter referred to as the "Underlying Action").

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.  Executed on June 9, 2008 in Torrance, California.

_____
Jeffrey S. Bolender

DECLARATION OF JEFFREY S. BOLENDER IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. C08 02099 HRL

10/18/06

1    CRAIG NEEDHAM (SBN 52010)
     KIRSTEN FISH (SB #217940)
2    **NEEDHAM, DAVIS, KEPNER, & YOUNG, LLP**
     1960 The Alameda, Suite 210
3    San Jose, CA 95126
     Tel:    (408) 244-2166
4    Fax:   (408) 244-7815

5    **TINSMAN & SCIANO, INC.**
     DANIEL J.T. SCIANO (Pending Admission *Pro Hac Vice*)
6    10107 McAllister Freeway
     San Antonio, Texas 78216
7    Telephone: (210) 225-3121
     Fax: (210) 225-6235

8    *Attorneys for Plaintiffs, JEREMY JAMES*
9    *EHART, KRISTY EHART, and STEVEN*
     *RYAN McCLANAHAN*

10

FILED

2006 OCT 18 P 2: 10

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

8m   #3
Fees Pd
SI

11

12          IN THE UNITED STATES DISTRICT COURT

13        FOR THE NORTHERN DISTRICT OF CALIFORNIA

               SAN JOSE DIVISION

14

15    JEREMY JAMES EHART, KRISTY
     EHART, and STEVEN RYAN
16    McCLANAHAN,

17          Plaintiffs,
     vs.

18    GHILLIE SUITS.COM INC.; TODD
19    MUIRHEAD; NEW YORK FIRE-SHIELD
     INCORPORATED; WACKENHUT
20    SERVICES, INCORPORATED; THE
     WACKENHUT CORPORATION; and
21    DOES 1 – 50, inclusive,

22          Defendants.

**C 06    06507**    RS

**COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

23

24      Plaintiffs, JEREMY JAMES EHART, KRISTY EHART, and STEVEN RYAN

25   McCLANAHAN (referred to collectively as "Plaintiffs") complain of Defendants, GHILLIE

26   SUITS.COM INC., D/B/A AND A/K/A GHILLIE SUITS.COM (referred to as "Ghillie

27   Suits.com"), TODD MUIRHEAD (referred to as "Muirhead"), NEW YORK FIRE-SHIELD

**EXHIBIT** 1

Case 5:08-cv-02099-JF    Document 34    Filed 08/13/2008    Page 4 of 26

Case 5:06-cv-06507-JW    Document 64    Filed 03/23/2007    Page 15 of 36
Case 5:08-cv-06507-RS    Document 1    Filed 10/18/2006    Page 2 of 23

1   INCORPORATED, D/B/A AND A/K/A N.Y. FIRE-SHIELD, INC. and D/B/A AND A/K/A NEW

2   YORK FIRE-SHIELD, INC. (referred to as "New York Fire-Shield"), WACKENHUT SERVICES,

3   INCORPORATED AND/OR THE WACKENHUT CORPORATION (referred to as "Wackenhut"),

4   and DOES 1 – 50, (collectively referred to as "Defendants") as follows:

5                           **GENERAL ALLEGATIONS**

6       1.      At all times mentioned herein, Plaintiff JEREMY JAMES EHART is an individual

7   citizen and resident of the County of Reno, State of Kansas.

8       2.      At all times mentioned herein, Plaintiff KRISTY EHART is an individual citizen and

9   resident of the County of Reno, State of Kansas.

10      3.      At all times mentioned herein, Plaintiff STEVEN RYAN McCLANAHAN is an

11  individual citizen and resident of the County of Summers, State of West Virginia.

12      4.      At all times mentioned herein, Defendant GHILLIE SUITS.COM INC., D/B/A AND

13  A/K/A GHILLIE SUITS.COM is a corporation duly organized and existing under the laws of the

14  State of Georgia, with its principle place of business in the State of Georgia.  At all times mentioned

15  herein, Defendant GHILLIE SUITS.COM INC., D/B/A AND A/K/A GHILLIE SUITS.COM

16  engaged in substantial, continuous and systematic activities in the State of California.  By

17  advertising for sale and selling its products in the State of California via its interactive commercial

18  website, said defendant entered into repeated sales contracts with the residents of the State of

19  California knowing that it would receive commercial gain and therefore purposefully availed itself

20  of the privilege of conducting activities in the State of California.  Said defendant has taken

21  deliberate actions within the State of California and has created obligations to residents in the State

22  of California through sales of its products on its website.  Plaintiffs' claims arose out of or resulted

23  from said defendant's conduct of selling its products in the State of California.

24      5.      At all times mentioned herein, Defendant TODD MUIRHEAD is an individual

25  citizen and resident of the State of Georgia.  At all times mentioned herein, Defendant TODD

26  MUIRHEAD is the registered patent owner of the ghillie suit product at issue.  By advertising for

27  sale and selling said products in the State of California via his interactive commercial website, said

{H:\WDOCS\6183\71353\pleading\00026038.DOC}
COMPLAINT FOR DAMAGES                                                                    -2-

1  defendant entered into repeated sales contracts with the residents of the State of California knowing

2  that he would receive commercial gain and therefore purposefully availed himself of the privilege of

3  conducting activities in the State of California. Said defendant has taken deliberate actions within

4  the State of California and has created obligations to residents in the State of California through

5  sales of its products on its website. Plaintiffs' claims arose out of or resulted from said defendant's

6  conduct of selling its products in the State of California.

7       6.    At all times mentioned herein, Defendant NEW YORK FIRE-SHIELD

8  INCORPORATED, D/B/A AND A/K/A N.Y. FIRE-SHIELD, INC. and D/B/A AND A/K/A NEW

9  YORK FIRE-SHIELD, INC. is a corporation duly organized and existing under the laws of the State

10  of New York, with its principal place of business in the State of New York. At all times mentioned

11  herein, Defendant NEW YORK FIRE-SHIELD INCORPORATED, D/B/A AND A/K/A N.Y.

12  FIRE-SHIELD, INC. and D/B/A AND A/K/A NEW YORK FIRE-SHIELD, INC. engaged in

13  substantial, continuous and systematic activities in the State of California. By advertising for sale

14  and selling its products in the State of California via its interactive commercial website, said

15  defendant entered into repeated sales contracts with the residents of the State of California knowing

16  that it would receive commercial gain and therefore purposefully availed itself of the privilege of

17  conducting activities in the State of California. Said defendant has taken deliberate actions within

18  the State of California and has created obligations to residents in the State of California through

19  sales of its products on its website. Plaintiffs' claims arose out of or resulted from said defendant's

20  conduct of selling its products in the State of California.

21       7.    At all times mentioned herein, Defendant WACKENHUT SERVICES,

22  INCORPORATED AND/OR THE WACKENHUT CORPORATION is a corporation duly

23  organized and existing under the laws of the State of Florida, with its principal place of business in

24  the State of Florida. At all times mentioned herein, Defendant WACKENHUT SERVICES,

25  INCORPORATED AND/OR THE WACKENHUT CORPORATION engaged in substantial,

26  continuous and systematic activities in the State of California. By advertising for sale and selling its

27  products and services in the State of California via its interactive commercial website, said

{H:\WDOCS\61833\1353\pleading\00086038.DOC}
COMPLAINT FOR DAMAGES                                                    -3-

1  defendant entered into sales and service contracts with the residents of the State of California

2  knowing that it would receive commercial gain and therefore purposefully availed itself of the

3  privilege of conducting activities in the State of California. Said defendant has taken deliberate

4  actions within the State of California and has created obligations to residents in the State of

5  California through sales of its products on its website. Plaintiffs' claims arose out of or resulted

6  from said defendant's conduct of selling its products or services in the State of California.

7        8.    The true names and/or capacities, whether individual, partnership, corporate,

8  associate, or otherwise of Defendants, DOES 1 through 50, inclusive, are unknown to Plaintiffs,

9  who therefore sue said Defendants by such fictitious names and will ask leave to amend this

10  complaint to show their true names and capacities when the same have been ascertained. Plaintiffs

11  are informed and believe and on such information and belief allege that each of the Defendants

12  designated herein as DOE is responsible in some manner for the events and happenings herein

13  referred to, and that there is now due, owing and unpaid from said Defendants, and each of them, to

14  Plaintiffs, the sums which are hereinafter alleged.

15        9.    At all relevant times, each of the Defendants was the agent, principal, servant,

16  master, employee, employer, partner, joint venturer, alter ego, aider and abettor, co-conspirator,

17  enterprise, franchisee and/or franchisor of each of the other Defendants. At all relevant times, and

18  with regard to all relevant tortuous conduct herein alleged, each of said Defendants was acting

19  within the course and scope and in furtherance of the object of said agency, service, employment,

20  partnership, joint venture, conspiracy, enterprise, and/or franchise. At all times herein mentioned,

21  each of the Defendants was the agent, servant, employee, partner, joint venturer, and/or franchisee

22  of each of the remaining Defendants herein, and were at all times acting within the purpose and

23  scope of said agency, service, employment, partnership, joint venture, and/or franchise.

## JURISDICTION

25       10.    Plaintiffs refer to paragraphs 1-9 as set forth above and by this reference incorporate

26  the same herein as though set forth in full.

27       11.    This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C.

1 §1332 based on the diversity of the parties' citizenship and the amount in controversy, which

2 exceeds $75,000, exclusive of interest and costs.

3 **VENUE**

4     12.    Venue is proper in this District pursuant to 28 U.S.C. §1391 in that the claim arose in

5 this District.

6 **INTRADISTRICT ASSIGNMENT**

7     13.    Pursuant to Local Rule 3-2(e), this case is properly assigned to the San Jose Division

8 in that the claim arose in the County of Monterey, State of California.

9 **FACTUAL ALLEGATIONS**

10     14.    Plaintiffs refer to paragraphs 1-13 as set forth above and by this reference incorporate

11 the same herein as though set forth in full.

12     15.    Severe burn injuries occurred to Plaintiff Jeremy Ehart, a Lance Corporal in the

13 United States Marine Corps, and to Plaintiff Steven McClanahan, a Corporal in the United States

14 Marine Corps, on October 28, 2004 while participating in a military exercise at Fort Hunter Liggett,

15 located in the City of Jolon, County of Monterey, State of California. Approximately twenty five

16 Marines were assigned to participate in Exercise Pacific Patriot at Fort Hunter Liggett, sponsored by

17 the Department of Energy ("DOE"), from October 5, 2004 to November 5, 2004. The DOE

18 provided all gear, equipment and weapons for the exercise. This included 15 commercial ghillie

19 suits, consisting of a blouse and pair of trousers, purchased from Defendants Muirhead and Ghillie

20 Suits.com. Said ghillie suits were Desert Storm era desert utilities with jute fabric sewn onto them.

21     16.    In addition to providing the ghillie suits to Plaintiffs Jeremy Ehart and Steven

22 McClanahan, the DOE provided the weapons to use in the exercise. All training with weapons was

23 blank fire. Defendant Wackenhut developed and implemented the porting procedure used to modify

24 the weapon used by Plaintiff Jeremy Ehart at the time of the incident.

25     17.    Muirhead and Ghillie Suits.com offered for sale and sold with said ghillie suits "Fire-

26 Proof-It Spray," which is an 8-ounce finger spray bottle of "Inspecta-Shield" fire retardant that is

27 applied to the ghillie suit.

1        18.    The "Inspecta-Shield" fire retardant is manufactured by Defendant New York Fire-

2   Shield. The smallest bottle of fire retardant that New York Fire-Shield manufactures is a 32-ounce

3   bottle.

4        19.    Muirhead and Ghillie Suits.com provided 8-ounce bottles of "Inspecta-Shield" Class

5   "A" fire retardant with the 15 ghillie suits, which again consisted of one blouse and one pair of

6   trousers, which designated marines applied to the ghillie suits prior to the training exercise.

7        20.    No specific on-product directions were provided from Muirhead and Ghillie

8   Suits.com on how to properly apply the fire retardant. Further, no separate written instructions were

9   supplied by Muirhead and Ghillie Suits.com on how to properly apply the fire retardant.

10       21.    Three marines applied the fire retardant to all of the ghillie suits prior to any training

11  being conducted. There were no on-product instructions provided by Defendants Muirhead and

12  Ghillie Suits.com on how frequently to reapply the fire retardant or under what conditions the fire

13  retardant would be degraded. Further, no separate written instructions were supplied by Muirhead

14  and Ghillie Suits.com on how frequently to reapply the fire retardant or under what conditions the

15  fire retardant would be degraded.

16       22.    On the morning of October 28, 2004, Plaintiffs Jeremy Ehart and Steven

17  McClanahan arrived at their fighting positions. There was approximately 40-meters distance

18  between Plaintiff Steven McClanahan's fighting position and Plaintiff Jeremy Ehart's fighting

19  position. Both Plaintiffs Jeremy Ehart and Steven McClanahan were wearing ghillie suits that were

20  purchased from Muirhead and Ghillie Suits.com.

21       23.    At approximately 11:05 on October 28, 2004, Plaintiff Jeremy Ehart engaged DOE

22  agents in a convoy from their fighting positions. Plaintiff Jeremy Ehart was using an M60 machine

23  gun at the time of the incident. At approximately 11:06 on October 28, 2004, Plaintiff Jeremy

24  Ehart's ghillie suit caught on fire. Plaintiff Jeremy Ehart rose from his fighting position and ran

25  towards Plaintiff Steven McClanahan while calling for help. Plaintiff Steven McClanahan, after

26  removing the blouse portion of his ghillie suit, attempted to put out the flames on Plaintiff Jeremy

27  Ehart by smothering the flames and attempting to get Plaintiff Jeremy Ehart to roll on the ground.

24.     In the process of attempting to rescue Plaintiff Jeremy Ehart, Plaintiff Steven
McClanahan's ghillie suit also caught on fire.  A paramedic arrived within two to three minutes of
the mayday call and used a fire extinguisher to put out the flames burning Plaintiff Ehart.  An
unidentified individual used a fire extinguisher to put out the flames burning Plaintiff McClanahan.

25.     In addition to airway swelling and lung injury, Plaintiff Jeremy Ehart sustained 50-
60% total body surface area burns, including both full thickness and partial thickness burns.  His
legs, from the groin to the area above the top of this boots, sustained full thickness burns.  His right
arm from the shoulder down and his left arm from the mid-bicep down sustained a mix of full and
partial thickness burns.  His face sustained full thickness burns.  Plaintiff Jeremy Ehart was not able
to return to full active duty as a result of the catastrophic injuries sustained.  On the 28th day of
April, 2006, Plaintiff Jeramy Ehart was medically discharged from the United States Marine Corps
due to the physical conditions sustained in the occurrence made the basis of this lawsuit.

26.     Plaintiff McClanahan sustained 20-30% total body surface area burns on his legs and
back.  The burns varied from second degree partial thickness burns to third degree full thickness
burns.

27.     As a result of said injuries, Plaintiffs have received, and will in the future continue to
receive, medical and hospital care and treatment provided by and through the United States of
America.  The Plaintiffs, for the sole use and benefit of the United States of America, under the
provisions of 42 U.S.C. §§ 2651-2653 et seq. and 10 U.S.C. §1095, and with its express consent,
assert a claim for the cost of said medical and hospital care and treatment and the value of future
care..

## COUNT ONE

**(Strict Liability – Design Defect – Against Muirhead, Ghillie Suits.com and Does 1 through 5)**

AS AND FOR A FIRST COUNT TO THIS COMPLAINT, Plaintiffs Jeremy Ehart and
Steven McClanahan allege against Defendants Muirhead, Ghillie Suits.com and Does 5 through 5 as
follows:

28.     Plaintiffs hereby reallege and incorporate paragraphs 1 through 27 as if fully set forth

1    herein.

2       29.     Plaintiffs are informed and believe and thereon allege that said Defendants, at all

3    times herein mentioned, were in the business of manufacturing, researching, designing, assembling,

4    testing, producing, constructing, assembling, inspecting, distributing, marketing, and advertising for

5    sale and selling to and for the use of the general public ghillie suits, or components of it

6    manufactured by said Defendants, which is the subject matter of this Complaint. Said Defendants

7    are responsible in some manner for placing said product or causing it to be placed into the stream of

8    commerce, such that Plaintiffs' injuries as hereinafter alleged were legally caused by the acts of said

9    Defendants, and each of them.

10      30.     At the time said Plaintiffs used said ghillie suits, the suits were substantially the same

11   as when they left the possession of said Defendants. Any changes made to the suits after they left

12   said Defendants' possession, such as the application of fire retardant spray to said suits, were

13   reasonably foreseeable to said Defendants.

14      31.     Said ghillie suits did not perform as safely as an ordinary consumer would have

15   expected at the time of use, in that the suits were highly flammable despite the fire retardant sprayed

16   on them. The suits were used in a way that was reasonably foreseeable to said Defendants.

17      32.     Said Defendants, by way of advertisement and through their website, made certain

18   representations and misrepresentations concerning the character or quality of the ghillie suits and

19   fire retardant sold by said Defendants. The purchaser of the ghillie suits relied upon the

20   misrepresentation made by said Defendants and passed on the ghillie suits and fire retardant, which

21   gave rise to the physical injuries to Plaintiffs as set out above and below.

22      33.     While utilizing said ghillie suits in the manner intended, said Plaintiffs were injured

23   in their health, strength, and activity, and sustained injury to their body and shock and injury to their

24   nervous system and persons, all of which have caused and continue to cause them great mental,

25   physical, and nervous pain and suffering. These injuries will result in some permanent disability to

26   said Plaintiffs, all to their general damage. The flammability of said ghillie suits and failure to

27   perform safely was a substantial factor in causing Plaintiffs' harm.

34.    As a further legal result of the conduct of said Defendants, and each of them, said Plaintiffs were required to and did employ physicians, surgeons and nurses for examination, treatment and care, and incurred and will continue to incur additional medical and incidental expenses, the exact amount of which is unknown to said Plaintiffs at this time.

35.    As a further legal result of the conduct of said Defendants and because of Plaintiffs' injuries, said Plaintiffs have been, and will continue to be, prevented from working in their occupations. The amount of earnings which will be lost to said Plaintiffs is unknown at this time. Plaintiffs are informed and believe that their inability to work and/or reduction in their earning capacity will continue in the future, thereby causing a further loss of earnings and/or earning capacity, the exact amount of which is unknown to said Plaintiffs at this time.

36.    As a further legal result of the conduct of said Defendants, said Plaintiffs have incurred damages in an ascertainable economic value, as hereinbefore alleged, and thus Plaintiffs are entitled to pre-judgment interest on said damages pursuant to Civil Code §3287 and/or §3288.

## COUNT TWO

**(Strict Liability – Design Defect – Against New York Fire-Shield and Does 6 through 10)**

AS AND FOR A SECOND COUNT TO THIS COMPLAINT, Plaintiffs Jeremy Ehart and Steven McClanahan allege against Defendants New York Fire-Shield and Does 6 through 10 as follows:

37.    Plaintiffs hereby re-allege and incorporate paragraphs 1 through 36 as if fully set forth herein.

38.    Plaintiffs are informed and believe and thereon allege that said Defendants, at all times herein mentioned, were in the business of manufacturing, researching, designing, assembling, testing, producing, constructing, assembling, inspecting, distributing, marketing, and advertising for sale and selling to and for the use of the general public Inspecta-Shield fire retardant, or components of it manufactured by said Defendants, which is the subject matter of this Complaint. Said Defendants are responsible in some manner for placing said product or causing it to be placed into the stream of commerce, such that Plaintiffs' injuries as hereinafter alleged were legally caused by

Case 5:08-cv-02099-JF    Document 34    Filed 08/13/2008    Page 12 of 26

Case 5:06-cv-06567-WRS  Document 64    Filed 02/23/2007    Page 32 of 36
Case 5:06-cv-06567-WRS  Document 1    Filed 10/13/2006    Page 10 of 23

1    the acts of said Defendants, and each of them.

2        39.    At the time Plaintiffs used said fire retardant, the product was substantially the same

3    as when they left the possession of said Defendants.

4        40.    Said fire retardant did not perform as safely as an ordinary consumer would have

5    expected at the time of use, in that the ghillie suits worn by Plaintiffs Jeremy Ebart and Steven

6    McClanahan as described above were highly flammable despite the fire retardant being sprayed on

7    them. The fire retardant was used in a way that was reasonably foreseeable to said Defendants.

8        41.    Said Defendants, by way of advertisement and/or through their website, made certain

9    representations and misrepresentations concerning the character or quality of the fire retardant sold

10   by and supplied to Ghillie Suits.com. Ghillie Suits.com relied upon the misrepresentation made by

11   Defendant New York Fire-Shield and Does 6 through 10 and passed on the fire retardant, which

12   gave rise to the physical injuries to said Plaintiffs as set out above and below.

13       42.    While utilizing said fire retardant in the manner intended, said Plaintiffs were injured

14   in their health, strength, and activity, and sustained injury to their body and shock and injury to their

15   nervous system and persons, all of which have caused and continue to cause them great mental,

16   physical, and nervous pain and suffering. These injuries will result in some permanent disability to

17   said Plaintiffs, all to their general damage. The flammability of said ghillie suits despite the use of

18   fire retardant spray and the failure of said spray to perform safely was a substantial factor in causing

19   Plaintiffs' harm.

20       43.    As a further legal result of the conduct of said Defendants, said Plaintiffs were

21   required to and did employ physicians, surgeons and nurses for examination, treatment and care, and

22   incurred and will continue to incur additional medical and incidental expenses, the exact amount of

23   which is unknown to said Plaintiffs at this time.

24       44.    As a further legal result of the conduct of said Defendants and because of Plaintiffs'

25   injuries, said Plaintiffs have been, and will continue to be, prevented from working in their

26   occupations. The amount of earnings which will be lost to said Plaintiffs is unknown at this time.

27   Plaintiffs are informed and believes that their inability to work and/or reduction in his earning

1    capacity will continue in the future, thereby causing a further loss of earnings and/or earning

2    capacity, the exact amount of which is unknown to said Plaintiffs at this time.

3        45.    As a further legal result of the conduct of said Defendants, said Plaintiffs have

4    incurred damages in an ascertainable economic value, as hereinbefore alleged, and thus Plaintiffs

5    are entitled to pre-judgment interest on said damages pursuant to Civil Code §3287 and/or §3288.

6                              **COUNT THREE**

7            **(Strict Liability – Design Defect – Against Wackenhut and Does 11 through 15)**

8        AS AND FOR A THIRD COUNT TO THIS COMPLAINT, Plaintiffs Jeremy Ehart and

9    Steven McClanahan allege against Defendants Wackenhut and Does 11 through 15 as follows:

10        46.    Plaintiffs hereby re-allege and incorporate paragraphs 1 through 45 as if fully set

11    forth herein.

12        47.    Plaintiffs are informed and believe and thereon allege that said Defendants, at all

13    times herein mentioned, were in the business of manufacturing, researching, designing, assembling,

14    modifying, testing, producing, constructing, assembling, inspecting, distributing, marketing, and

15    advertising for sale and selling machine guns or components of machine guns manufactured by said

16    Defendants, which is the subject matter of this Complaint. Said Defendants are responsible in some

17    manner for placing said product or causing it to be placed into the stream of commerce, such that

18    Plaintiffs' injuries as hereinafter alleged were legally caused by the acts of said Defendants, and

19    each of them.

20        48.    At the time Plaintiff Jeremy Ehart used said machine gun, the product was

21    substantially the same as when they left the possession of said Defendants.

22        49.    Said machine gun did not perform as safely as an ordinary consumer would have

23    expected at the time of use, in that the amount of muzzle flash and receiver signature on said gun

24    was not normal. The machine gun was used in a way that was reasonably foreseeable to said

25    Defendants.

26        50.    While utilizing said machine gun in the manner intended, said Plaintiffs were injured

27    in their health, strength, and activity, and sustained injury to their body and shock and injury to their

1  nervous system and persons, all of which have caused and continue to cause them great mental,

2  physical, and nervous pain and suffering. These injuries will result in some permanent disability to

3  said Plaintiffs, all to their general damage. The abnormal amount of muzzle flash and receiver

4  signature on the gun was a substantial factor in causing Plaintiffs' harm.

5      51.     As a further legal result of the conduct of said Defendants, said Plaintiffs were

6  required to and did employ physicians, surgeons and nurses for examination, treatment and care, and

7  incurred and will continue to incur additional medical and incidental expenses, the exact amount of

8  which is unknown to said Plaintiffs at this time.

9      52.     As a further legal result of the conduct of said Defendants, and because of Plaintiffs'

10  injuries, said Plaintiffs have been, and will continue to be, prevented from working in their

11  occupations. The amount of earnings which will be lost to said Plaintiffs is unknown at this time.

12  Plaintiffs are informed and believes that their inability to work and/or reduction in his earning

13  capacity will continue in the future, thereby causing a further loss of earnings and/or earning

14  capacity, the exact amount of which is unknown to said Plaintiffs at this time.

15      53.     As a further legal result of the conduct of said Defendants, said Plaintiffs have

16  incurred damages in an ascertainable economic value, as hereinbefore alleged, and thus Plaintiffs

17  are entitled to pre-judgment interest on said damages pursuant to Civil Code §3287 and/or §3288.

18                              COUNT FOUR

19      (Strict Liability – Failure to Warn – Against Muirhead, Ghillie Suits.com and

20                          Does 1 through 5)

21      AS AND FOR A FOURTH COUNT TO THIS COMPLAINT, Plaintiffs Jeremy Ehart and

22  Steven McClanahan allege against Defendants Muirhead, Ghillie Suits.com and Does 1 through 5 as

23  follows:

24      54.     Plaintiffs hereby reallege and incorporate paragraphs 1 through 53 as if fully set forth

25  herein.

26      55.     The ghillie suits that were involved in the subject incident had been distributed,

27  marketed and sold by said Defendants without adequate warnings and/or instructions.

56. Said ghillie suits had potential risks that were known or knowable by the use of scientific knowledge at the time of manufacture, distribution and/or sale, in that said suits were highly flammable despite the fire retardant sprayed on them.

57. The potential risks of said ghillie suits presented a substantial danger to users of the product. Ordinary consumers would not have recognized the potential risks described above.

58. Said Defendants failed to adequately warn and/or instruct of the potential risks as described above. Said Defendants also did not provide proper instructions on how to apply the "Inspecta-Shield" fire retardant, nor did they provide an adequate quantity of fire retardant after repackaging it in smaller quantities than sold by the manufacturer. The instructions provided by said Defendants with the 8-ounce bottles of fire retardant were minimal, and therefore, the amount of retardant applied to the suits was inadequate to prevent an instantaneous and catastrophic fire. The fire-resistant treatment recommended by said Defendants was not sufficient to adequately alter the flammability and fire performance characteristics of the ghillie suit.

59. Said ghillie suits were used in a way that was reasonably foreseeable to said Defendants.

60. While utilizing said ghillie suits in the manner intended by said Defendants, said Plaintiffs were injured as set forth above. The lack of sufficient instructions and/or warnings was a substantial factor in causing Plaintiffs' harm.

## COUNT FIVE

**(Strict Liability – Failure to Warn – Against New York Fire-Shield and Does 6 through 10)**

AS AND FOR A FIFTH COUNT TO THIS COMPLAINT, Plaintiffs Jeremy Ehart and Steven McClanahan allege against Defendants New York Fire-Shield and Does 6 through 10 as follows:

61. Plaintiffs hereby reallege and incorporate paragraphs 1 through 60 as if fully set forth herein.

62. The Inspecta-Shield fire retardant that was involved in the subject incident had been distributed, marketed and sold by said Defendants without adequate warnings and/or instructions.

63. Said fire retardant had potential risks that were known or knowable by the use of scientific knowledge at the time of manufacture, distribution and/or sale, in that said fire retardant, if not applied properly, resulted in material that was highly flammable despite the fire retardant being sprayed on the material.

64. The potential risks of said fire retardant presented a substantial danger to users of the fire retardant product. Ordinary consumers would not have recognized the potential risks described above.

65. Said Defendants failed to adequately warn and/or instruct of the potential risks as described above. Said Defendants also did not provide proper instructions on how to apply the "Inspecta-Shield" fire retardant or instructions regarding how much fire retardant was needed to adequately alter the flammability and fire performance characteristics of the material on which it was being applied. Said fire retardant was used in a way that was reasonably foreseeable to said Defendants.

66. While utilizing said fire retardant in the manner intended by said Defendants, said Plaintiffs were injured as set forth above. The lack of sufficient instructions and/or warnings was a substantial factor in causing Plaintiffs' harm.

## COUNT SIX

(Strict Liability – Failure to Warn – Against Wackenhut and Does 11 through 15)

AS AND FOR A SIXTH COUNT TO THIS COMPLAINT, Plaintiffs Jeremy Ehart and Steven McClanahan allege against Defendants Wackenhut and Does 11 through 15 as follows:

67. Plaintiffs hereby reallege and incorporate paragraphs 1 through 66 as if fully set forth herein.

68. The machine gun that was involved in the subject incident had been distributed, modified, marketed and/or sold by said Defendants without adequate warnings and/or instructions.

69. Said machine gun had potential risks that were known or knowable by the use of scientific knowledge at the time of manufacture, distribution and/or sale, in that the amount of muzzle flash and receiver signature on said gun was not normal.

70.    The potential risks of said machine gun presented a substantial danger to users of the product.  Ordinary consumers would not have recognized the potential risks described above.

71.    Said Defendants failed to adequately warn and/or instruct of the potential risks as described above.

72.    Said machine gun was used in a way that was reasonably foreseeable to said Defendants.

73.    While utilizing said machine gun in the manner intended by said Defendants, said Plaintiffs were injured as set forth above.  The lack of sufficient instructions and/or warnings was a substantial factor in causing said Plaintiffs' harm.

## COUNT SEVEN

(Negligence – Against Muirhead, Ghillie Suits.com and Does 1 through 5)

AS AND FOR A SEVENTH COUNT TO THIS COMPLAINT, Plaintiffs Jeremy Ehart and Steven McClanahan allege against Defendants Muirhead, Ghillie-Suits.com and Does 1 through 5 as follows:

74.    Plaintiffs hereby reallege and incorporate paragraphs 1 through 73 as if fully set forth herein.

75.    Said Defendants were negligent in designing, manufacturing, supplying, and inspecting the ghillie suits worn by Plaintiffs Jeremy Ehart and Steven McClanahan.  Said Defendants were also negligent in failing to use reasonable care to warn or instruct about the product's dangerous condition or about facts that made the product likely to be dangerous.  Said Defendants were also negligent in failing to test the products they sold.  Said Defendants knew or reasonably should have known that the ghillie suits were dangerous or were likely to be dangerous when used in a reasonably foreseeable manner.

76.    Said Defendants knew or reasonably should have known that users would not realize the dangers of said ghillie suits.

77.    Said Defendants failed to adequately warn of the danger or instruct on the safe use of said product.  Said Defendants did not provide proper instructions on how to apply the "Inspecta-

1   Shield" fire retardant, nor did they provide an adequate quantity of fire retardant after repackaging it

2   in smaller quantities than sold by the manufacturer. The instructions provided by said Defendants

3   were minimal, and therefore, the amount of retardant applied to the suits was inadequate to prevent

4   an instantaneous and catastrophic fire. The fire-resistant treatment recommended by said

5   Defendants was not sufficient to adequately alter the flammability and fire performance

6   characteristics of the ghillie suit.

7       78.    A reasonable manufacturer, distributor or seller under same or similar circumstances

8   would have warned of said foreseeable dangers or instructed on the safe use of the product.

9       79.    While utilizing said ghillie suits in the manner intended by said Defendants, said

10  Plaintiffs were injured as set forth above. Said Defendants' failure to warn or instruct was a

11  substantial factor in causing Plaintiffs' harm.

12                          **COUNT EIGHT**

13              (Negligence – Against New York Fire-Shield and Does 6 through 10)

14      AS AND FOR A EIGHTH COUNT TO THIS COMPLAINT, Plaintiffs Jeremy Ehart and

15  Steven McClanahan allege against Defendants New York Fire-Shield and Does 6 through 10 as

16  follows:

17      80.    Plaintiffs hereby reallege and incorporate paragraphs 1 through 79 as if fully set forth

18  herein.

19      81.    Said Defendants were negligent in designing, manufacturing, supplying, and

20  inspecting the Inspecta-Shield fire retardant used by Plaintiffs Jeremy Ehart and Steven

21  McClanahan. Said Defendants were also negligent in failing to use reasonable care to warn or

22  instruct about the product's dangerous condition or about facts that made the product likely to be

23  dangerous. Said Defendants knew, or reasonably should have known, that the fire retardant was

24  dangerous or was likely to be dangerous when used in a reasonably foreseeable manner.

25      82.    Said Defendants knew or reasonably should have known that users would not realize

26  the dangers of said Inspecta-Shield fire retardant.

27      83.    Said Defendants failed to adequately warn of the danger or instruct on the safe use of

1    said product. Said Defendants did not provide adequate warnings and instructions for use on how to

2    apply the "Inspecta-Shield" fire retardant, nor did they provide an adequate quantity of fire retardant

3    to distributors or monitor how said fire retardant was being repackaged once it was sold by the

4    manufacturer to distributors.

5        84.      A reasonable manufacturer, distributor or seller, under the same or similar

6    circumstances, would have warned of said foreseeable dangers and provided adequate instructions

7    for the safe use of the product.

8        85.      While utilizing said fire retardant spray in the manner intended by said Defendants,

9    said Plaintiffs were injured as set forth above. Said Defendants' failure to warn or instruct was a

10    substantial factor in causing Plaintiffs' harm.

11                       **COUNT NINE**

12         **(Negligence – Against Wackenhut and Does 11 through 15)**

13        AS AND FOR A NINTH COUNT TO THIS COMPLAINT, Plaintiffs Jeremy Ehart and

14    Steven McClanahan allege against Defendants Wackenhut and Does 11 through 15 as follows:

15        86.      Plaintiffs hereby reallege and incorporate paragraphs 1 through 85 as if fully set forth

16    herein.

17        87.      Said Defendants were negligent in designing, manufacturing, modifying, supplying,

18    and inspecting the machine gun used by Plaintiff Jeremy Ehart at the time and place described

19    above. Said Defendants were also negligent in failing to use reasonable care to warn or instruct

20    about the product's dangerous condition or about facts that made the product likely to be dangerous.

21    Said Defendants were also negligent in failing to test the machine gun at issue. Said Defendants

22    knew or reasonably should have known that the machine gun at issue was dangerous or were likely

23    to be dangerous when used in a reasonably foreseeable manner.

24        88.      Said Defendants knew or reasonably should have known that users would not realize

25    the dangers of said machine gun.

26        89.      Said Defendants failed to adequately warn of the danger or instruct on the safe use of

27    said machine gun.

Case 5:08-cv-02099-JF    Document 34    Filed 08/13/2008    Page 20 of 26

Case 5:06-cv-06507-JW    Document 64    Filed 03/23/2007    Page 30 of 36
Case 5:06-cv-06507-RS    Document 1    Filed 10/18/2006    Page 18 of 23

90.    A reasonable manufacturer, modifier, distributor or seller under same or similar circumstances would have warned of said foreseeable dangers or instructed on the safe use of the product.

91.    While utilizing said machine gun in the manner intended by said Defendants, said Plaintiffs Jeremy Ehart and Steven McLanahan were injured as set forth above.  Said Defendants' failure to warn or instruct was a substantial factor in causing Plaintiffs' harm.

## COUNT TEN

### (Breach of Implied Warranty of Fitness for a Particular Purpose – Against Muirhead, Ghillic Suits.com and Docs 1 through 5)

AS AND FOR AN TENTH COUNT TO THIS COMPLAINT, Plaintiffs Jeremy Ehart and Steven McClanahan allege against Defendants Muirhead, Ghillie Suits.com and Does 1 through 5 as follows:

92.    Plaintiffs hereby reallege and incorporate paragraphs 1 through 91 as if fully set forth herein.

93.    Said ghillie suit was purchased for a particular purpose, i.e., safe camouflage.

94.    At the time of the sale, said Defendants knew or had reason to know the particular purpose for which each of the Plaintiffs would use the ghillie suits.

95.    Said Defendants knew or had reason to know that each of the Plaintiffs relied upon the skill and judgment of said Defendants to create, market, test, and sell a suitable and safe product.

96.    Said Defendants, through their agents, employees, subsidiaries, representatives and affiliates, warranted that said ghillie suits were suitable for the particular purpose for which it was utilized by each of the Plaintiffs.

97.    At the time it was manufactured and at all subsequent times, said ghillie suits were not as warranted, but were unfit for the particular purpose for which they were intended in that they were defective, causing each of Plaintiffs to suffer damages and consequential damages in an amount in excess of the minimum jurisdictional limits of the Court that are more fully set forth herein.

Case 5:08-cv-02099-JF    Document 34    Filed 08/13/2008    Page 21 of 26

Case 5:06-cv-06507-JW    Document 64    Filed 03/23/2007    Page 31 of 36
Case 5:06-cv-06507-RS    Document 1    Filed 10/18/2006    Page 19 of 23

98.     As a direct and proximate cause of each of the Defendants' breach of the implied warranty of fitness for a particular purpose and the resulting dangers associated with the use of said ghillie suits, each of the Plaintiffs sustained medical expenses from hospitals, physicians, surgeons, at-home care, and incidental expenses, and each Plaintiff will necessarily incur additional such expenses for an indefinite period of time in the future. Each Plaintiff also sustained physical pain and suffering and mental anguish damages in the past and future, as well as a loss of earnings, past, present, and future, and a loss of earning capacity.

## COUNT ELEVEN

**(Breach of Implied Warranty of Fitness for a Particular Purpose — Against New York Fire-Shield and Does 6 through 10)**

AS AND FOR AN ELEVENTH COUNT TO THIS COMPLAINT, Plaintiffs Jeremy Ehart and Steven McClanahan allege against Defendants New York Fire-Shield and Does 6 through 10 as follows:

99.     Plaintiffs hereby reallege and incorporate paragraphs 1 through 98 as if fully set forth herein.

100.     Said Inspecta-Shield fire retardant was purchased for a particular purpose, i.e., to make materials fire retardant.

101.     At the time of the sale, said Defendants knew or had reason to know the particular purpose for which each of the Plaintiffs would use the Inspecta-Shield fire retardant.

102.     Said Defendants knew or had reason to know that each of the Plaintiffs relied upon the skill and judgment of said Defendants to create, market, test, and sell a suitable and safe product.

103.     Said Defendants, through their agents, employees, subsidiaries, representatives and affiliates, warranted that said Inspecta-Shield fire retardant was suitable for the particular purpose for which it was utilized by each of the Plaintiffs,

104.     At the time it was manufactured and at all subsequent times, said Inspecta-Shield fire retardant was not as warranted, but were unfit for the particular purpose for which it was intended in that it was defective, causing each of Plaintiffs to suffer damages and consequential damages in an

1   amount in excess of the minimum jurisdictional limits of the Court that are more fully set forth

2   herein.

3        105.    As a direct and proximate cause of each of the Defendants' breach of the implied

4   warranty of fitness for a particular purpose and the resulting dangers associated with the use of said

5   Inspecta-Shield fire retardant, each of the Plaintiffs sustained medical expenses from hospitals,

6   physicians, surgeons, at-home care, and incidental expenses, and each Plaintiff will necessarily incur

7   additional such expenses for an indefinite period of time in the future.  Each Plaintiff also sustained

8   physical pain and suffering and mental anguish damages in the past and future, as well as a loss of

9   earnings, past, present, and future, and a loss of earning capacity.

10                              **COUNT TWELVE**

11   **(Breach of Implied Warranty of Fitness for a Particular Purpose – Against Wackenhut and**

12                          **Does 11 through 15)**

13        AS AND FOR AN TWELFTH COUNT TO THIS COMPLAINT, Plaintiffs Jeremy Ebart

14   and Steven McClanahan allege against Defendants Wackenhut and Does 11 through 15 as follows:

15        106.    Plaintiffs hereby reallege and incorporate paragraphs 1 through 105 as if fully set

16   forth herein.

17        107.    Said gun was purchased for a particular purpose, i.e., for safe use in military

18   exercises.

19        108.    At the time of the sale, said Defendants knew or had reason to know the particular

20   purpose for which each of the Plaintiffs would use said gun.

21        109.    Said Defendants knew or had reason to know that each of the Plaintiffs relied upon

22   the skill and judgment of said Defendants to create, market, test, modify and sell a suitable and safe

23   product.

24        110.    Said Defendants, through their agents, employees, subsidiaries, representatives and

25   affiliates, warranted that said gun was suitable for the particular purpose for which it was utilized by

26   each of the Plaintiffs.

27        111.    At the time it was manufactured and at all subsequent times, said gun was not as

1   warranted, but were unfit for the particular purpose for which it was intended in that it was

2   defective, causing each of Plaintiffs to suffer damages and consequential damages in an amount in

3   excess of the minimum jurisdictional limits of the Court that are more fully set forth herein.

4        112.   As a direct and proximate cause of each of the Defendants' breach of the implied

5   warranty of fitness for a particular purpose and the resulting dangers associated with the use of said

6   Inspecta-Shield fire retardant, each of the Plaintiffs sustained medical expenses from hospitals,

7   physicians, surgeons, at-home care, and incidental expenses, and each Plaintiff will necessarily incur

8   additional such expenses for an indefinite period of time in the future.  Each Plaintiff also sustained

9   physical pain and suffering and mental anguish damages in the past and future, as well as a loss of

10  earnings, past, present, and future, and a loss of earning capacity.

## COUNT THIRTEEN

### (Loss of Consortium – Against All Defendants)

13       AS AND FOR A THIRTEENTH COUNT TO THIS COMPLAINT, Plaintiff Kristy Ehart

14  alleges against Defendants, and each of them, as follows:

15       113.   Plaintiff hereby realleges and incorporates paragraphs 1 through 112 as if fully set

16  forth herein.

17       114.   At all times herein mentioned, Plaintiff Kristy Ehart and Plaintiff Jeremy Ehart were

18  husband and wife, respectively.  By reason of the injuries to Plaintiff Jeremy Ehart as described

19  herein, Plaintiff Kristy Ehart has been deprived of the consortium of Plaintiff Jeremy Ehart.

## DEMAND FOR JURY TRIAL

21       Plaintiffs hereby demand a jury for all claims which a jury is permitted.

## PRAYER

23       WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as

24  follows:

25       1.     For general damages according to proof;

26       2.     For medical and incidental expenses according to proof;

27       3.     For loss of earnings and earning capacity according to proof;

4.  For prejudgment interest on all general and special damages according to law;

5.  For costs of suit herein; and,

6.  For such other and further relief as the court deems just and proper.

Dated: 10/17/06

NEEDHAM, DAVIS, KEPNER & YOUNG, LLP

By:

CRAIG NEEDHAM
*Attorneys for Plaintiffs*

{H:\WDOCS\6183\71353\pleading\00086048.DOC}
COMPLAINT FOR DAMAGES

-22-

1

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

2      Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

3  named parties, there is no such interest to report.

4  Dated: 10/16/06

5                                      NEEDHAM, DAVIS, KEPNER & YOUNG, LLP

6                              By:

7                                      CRAIG NEEDHAM
                                       *Attorneys for Plaintiffs*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

{H:\WDOCS\61831\71353\pleading\00086038.DOC}
COMPLAINT FOR DAMAGES

Case 5:06-cv-06507-JW    Document 64    Filed 03/23/2007    ...

## PROOF OF SERVICE

**Name of Action:  Ehart v. Ghillie Suits.Com, Inc., et al.**
**Court and Action No:  United States District Court, Northern District, San Jose Division**
**Action No. C 06 06507 RS**

I, Karen D. Tallman, declare that I am over the age of eighteen years and not a party to this action or proceeding. My business address is 2033 North Main Street, Suite 800, PO Box 8035, Walnut Creek, California 94596-3728. On March 23, 2007, I caused the following document(s) to be served:

**NEW YORK FIRE SHIELD, INC.'S CROSS-CLAIM FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, MISLEADING ADVERTISING , EQUITABLE INDEMNITY, TOTAL INDEMNITY, CONTRIBUTION, AND DEMAND FOR JURY TRIAL**

[X] I electronically served the above referenced document(s) through e-File.  E-service in this action was completed on all parties listed on the service list with the United States District Court e-File website.

Craig Needham, Esq.
Kirsten Fish, Esq.
Needham, Davis, Kepner & Young
1960 The Alameda, Suite 210
San Jose, CA 95126
Phone: 408.244.2166
Fax: 408.244.7815
*Attorneys for Plaintiffs Jeremy James Ehart, Kristie Ehart, and Steven Ryan McClanahan*

Daniel J.T. Sciano, Esq.
Tinsman &Sciano, Inc.
10107 McAllister Freeway
San Antonio, TX 78216
Phone: 210.225.3121
Fax: 210.225.6235
*Attorneys for Plaintiffs Jeremy James Ehart, Kristie Ehart, and Steven Ryan McClanahan*

Michael L. Smith, Esq.
Manning & Marder, Kass, Ellrod, Ramirez
One California Street, Suite 1100
San Francisco, CA 94111
Phone: 415.217.6990
Fax: 415.217.6999
*Attorneys for Wackenhut Services, Inc.; The Wackenhut Corporation*

Gregg A, Thornton, Esq.
Danielle K. Lewis, Esq.
Selman Breitman
33 Montgomery, Sixth Floor
San Francisco, CA 94105
Phone: 415.979.0400
Fax: 415.979.2099
*Attorneys for Ghillie Suits.Com, Inc. and Todd Muirhead*

I declare under penalty of perjury that the foregoing is true and correct.  Executed on March 23, 2007, at Walnut Creek, California.

Karen D. Tallman

N0116001/519916-1

PROOF OF SERVICE