GERALD A. EMANUEL (BAR #61049)
HINKLE, JACHIMOWICZ, POINTER & EMANUEL
2007 West Hedding Street, Suite 100
San Jose, California 95128
Telephone: (408) 246-5500
Facsimile: (408) 246-1051

Attorney for Defendants
GHILLIE SUITS.COM, INC and TODD MUIRHEAD

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, an Illinois corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>GHILLIE SUITS.COM, INC, a Georgia corporation; TODD MUIRHEAD, a Georgia resident; JEREMY JAMES EHART, a Kansas resident; KRISTY EHART, a Kansas resident; and STEVEN RYAN McCLANAHAN, a West Virginia resident, and DOES 1-10,<br><br>Defendants. | No.: C08 02099 JF<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANTS GHILLIE SUITS.COM, INC. AND TODD MURHEAD IN OPPOSITION TO EVANSTON INSURANCE COMPANY'S MOTIONS TO DISMISS COUNTERCLAIMS**<br><br>Hearing Date: September 19, 2008<br>Time: |

1

MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANTS GHILLIE SUITS.COM, INC. AND TODD MURHEAD IN OPPOSITION TO EVANSTON INSURANCE COMPANY'S MOTIONS TO DISMISS COUNTERCLAIMS

## INTRODUCTION

Defendant Evanston Insurance Company takes the position that the counterclaims are premature. However, in the interest of judicial expediency this court ruling on the policy limits is and the dismissal of the two counterclaims should be decided together, because such an all-inclusive disposition is logical. Clearly, this court has the discretion to rule that it is more orderly to hear both of these matters. Failure of this court to combine these matter will be costly to Gillie and Muirhead, who have been brought personally into this action by their own insurance company because it failed to settle this matter within its policy limits, thus causing exposure to these Counter-Claimants.

## FACTS

On October 11, 2007, Evanston rejected a settlement demand made by counterclaimants Jeremy Ehart, Kristy Ehart and Steven McClanahan for the $2 million aggregate limits of Evanston's policy. (Counterclaim of Ghillie Suits.com and Muirhead ["Ghillie counterclaim"], ¶¶ 12 and 14; counterclaim of Eharts and McClanahan ["Ehart counterclaim"], ¶¶ 16 and 18.) The demand was based on two occurrences arising from two fires occurring on October 28, 2004. (Ghillie counterclaim, ¶¶ 9-12; Ehart counterclaim, ¶¶ 9-14.)

The first fire occurred when a receiver flash from a machine gun ignited Ehart's ghillie suit. (Ghillie counterclaim, ¶ 9; Ehart counterclaim, ¶ 9.) The second fire occurred when McClanahan, initially a safe 40 meters from Ehart, voluntarily entered the zone of danger to rescue Ehart, and flames ignited his ghillie pants. (Ghillie counterclaim, ¶¶ 10-11; Ehart counterclaim., ¶¶ 10, 12-13.) Evanston's policy provided liability coverage of $1 million per occurrence subject to an aggregate

2

MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANTS GHILLIE SUITS.COM, INC. AND TODD MURHEAD IN OPPOSITION TO EVANSTON INSURANCE COMPANY'S MOTIONS TO DISMISS COUNTERCLAIMS

limit of $2 million for product liability claims. (Ghillie counterclaim, ¶ 13; Ehart counterclaim, ¶ 15.)

Evanston rejected the demand not based on the value of the case, or the probability of a judgment for less than $2 million, or even the probability of Jeremy Ehart or Steven McClanahan recovering less than $1 million. (Ghillie counterclaim, ¶¶ 12 and 14; Ehart counterclaim, ¶¶ 16 and 18.) Evanston rejected the demand based entirely on the erroneous contention that there was one fire, and therefore only one occurrence. (Ghillie counterclaim, ¶¶ 14 and 16; Ehart counterclaim, ¶¶ 16 and 18.)

On April 22, 2008, six months after it rejected the policy limits demand, Evanston filed a complaint for declaratory judgment alleging that a determination of its policy limits was ripe for adjudication. (Evanston's complaint, ¶¶ 4, 27, 28 and 30.) By conceding that a determination of its policy limits is ripe for adjudication now, Evanston has conceded that its waiver of those limits is ripe for adjudication as well.

## GOVERNING LAW

### A. Motion to Dismiss

Evanston has moved to dismiss the counterclaims of its insureds, the Eharts and McClanahan under Federal Rules of Civil Procedure, Rule 12 (b) (6), on grounds that the counterclaims purportedly failed to state a claim upon which relief can be granted. In deciding Rule 12 (b) (6) motions, the Court must construe the allegations of the counterclaims as true, even if the facts as alleged appear improbable. (*Neitzke v. Williams* (1989) 490 U.S. 319, 328-329.) The test is not whether the counter-claimants' legal theories are correct, but rather whether the facts as

3

MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANTS GHILLIE SUITS.COM, INC. AND TODD MURHEAD IN OPPOSITION TO EVANSTON INSURANCE COMPANY'S MOTIONS TO DISMISS COUNTERCLAIMS

1 alleged support any valid claim entitling the counter-claimants to relief.
2 (*Haddock v. Board of Dental Examiners of Calif.* (9th Cir. 1985) 777 F.2d
3 462, 464.)

### B. Alternative Motion to Strike

Evanston has also moved, alternatively, for an order striking allegations that it breached the implied covenant of good faith and fair dealing. The alternative motion is brought under Rule 12 (f), which permits the Court to strike any "redundant, immaterial, impertinent or scandalous matter." Evanston has not indicated the grounds for its motion to strike, although it appears Evanston is attempting to assert that the allegations are immaterial or impertinent. "Immaterial" has been defined as allegations which have no bearing on the controversy before the court. (*Fantasy, Inc. v. Fogerty* (9rh Cir. 1993) 984 F.2d 1524, 1527 [disapproved on other grounds in *Fogerty v. Fantasy, Inc.* (1994) 510 U.S. 517, 534-535].) "Impertinent" has been defined as allegations that are not responsive or relevant to issues involved in the action, and which could not be admitted as evidence in the action. (*Id.* at 1527.)

### ARGUMENT

### I. EVANSTON'S MOTION TO DISMISS MISCHARACTERIZES THE NATURE OF THE COUNTERCLAIMS, WHICH SEEK A JUDICIAL DECLARATION OF EVANSTON'S RIGHT TO ASSERT THE POLICY LIMITS AT ISSUE IN ITS COMPLAINT FOR DECLARATORY RELIEF.

### A. The Counterclaims Seek a Declaratory Judgment, Not Damages.

Evanston challenges both counterclaims on grounds that they purportedly are actions for damages masquerading as actions for

HINKLE JACHIMOWICZ POINTER & EMANUEL
2007 W. HEDDING STREET
SAN JOSE, CALIFORNIA 95128
(408) 246-5500

4

declaratory judgment, even though no prayer for damages has been pled. Ignoring the true relief sought by counter-claimants – i.e., a declaration that Evanston has waived its policy limits – the insurer argues that counter-claimants really are seeking an open-ended judgment for money damages. (Evanston's motion to dismiss Ehart counterclaim, p. 11:11-16.) This is not correct, Counter-claimants are only seeking a declaration that Evanston may not assert any of its policy limits in response to whatever judgment is entered in the underlying action. It is *Evanston's insureds* Gillie who face an open-ended judgment for damages. The question presented in this case is whether Evanston may assert one or more policy limits in response to that judgment, or whether Evanston's right to do so has been waived.

      The function of the Court in deciding Rule 12 (b) (6) motions is to assume the truth of the facts alleged and examine the facts for any legal theory supporting relief. (*Haddock v. Board of Dental Examiners of Calif., supra,* 777 F.2d at 464.) Counter-claimants invite the Court to examine the counterclaims as they truly read, not as Evanston allege they read. The counterclaims seek a *declaration* based on the following facts:

• Jeremy Ehart and Steven McClanahan suffered serious, debilitating injuries caused by two fires (Ghillie counterclaim, ¶¶ 9-12; Ehart counterclaim, ¶¶ 9-14);

• The damages suffered by Jeremy Ehart and Kristy Ehart clearly exceed $1 million (Ghillie counterclaim, ¶¶ 12 and 14; Ehart counterclaim, ¶¶ 14 and 16);

• The damages suffered by Steven McClanahan clearly exceed $1 million (*id.*); and

HINKLE JACHIMOWICZ POINTER & EMANUEL
2007 W. HEDDING STREET
SAN JOSE, CALIFORNIA 95128
(408) 246-5500

5
MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANTS GHILLIE SUITS.COM, INC. AND TODD MURHEAD IN OPPOSITION TO EVANSTON INSURANCE COMPANY'S MOTIONS TO DISMISS COUNTERCLAIMS

• Evanston rejected a reasonable settlement demand for $2 million based on the liability of Ghillie Suits.com and Muirhead for the injuries caused by the two fires occurring on October 28, 2004 (Ghillie counterclaim, ¶¶ 14 and 16; Ehart counterclaim, ¶¶ 16 and 18). Thus causing Gillie and Muirhead exposure to it own assets.

California law provides that an insurer who rejects a reasonable settlement demand within its policy limits becomes liable for the entirety of any compensatory damages awarded against its insured, even those amounts which exceed the policy limits. (*Kransco v. Empire Surplus Lines Ins. Co.* (2000) 23 Cal.4th 390, 401.) The waiver of the policy limits derives from the insurer's failure to perform its contract; the allowance of a recovery in excess of the policy limits places the insured "in the same position as if the contract had been performed." (*Comunale v. Traders Y General Ins. Co.* (1958) 50 Cal.2d 654, 661.)

Counter-claimants seek a declaration that Evanston has waived the right to assert its policy limits in response to any judgment for compensatory damages in the underlying action. The relief sought is not damages. It is simply a declaration of the parties' rights and obligations arising from Evanston's failure to accept a reasonable settlement demand on October 11, 2007.

### B. Evanston Has Made the Waiver of its Policy Limits an Issue in the Case.

In its complaint for declaratory judgment, Evanston seeks a declaration of its applicable policy limits, and according to its motion to dismiss, reimbursement of any amounts paid above $1 million. (Evanston's motion to dismiss Ehart counterclaim, p.3:23-26.) A determination of the *applicable* policy limits requires the consideration of

6

MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANTS GHILLIE SUITS.COM, INC. AND TODD MURHEAD IN OPPOSITION TO EVANSTON INSURANCE COMPANY'S MOTIONS TO DISMISS COUNTERCLAIMS

HINKLE JACHIMOWICZ POINTER & EMANUEL
2007 W. HEDDING STREET
SAN JOSE, CALIFORNIA 95128
(408) 246-5500

any fact proving that Evanston waived its policy limits, and Evanston certainly has no right to *reimbursement* if its policy limits were waived. Evanston thus has invited consideration of the issue pled by counter-claimants; its *own* complaint for declaratory judgment makes the issue of waiver ripe.

The only credible reason for Evanston's complaint for declaratory judgment is Evanston's need to know its exposure before the underlying action goes to trial. Counter-claimants submit that the Court should adjudicate all of Evanston's exposure at one time, not some parts now and the more critical parts later. If Evanston prevails on its complaint, the Court will declare that its policy limits are $1 million. If Evanston loses, the Court should declare what its policy limits are after rejecting a reasonable settlement demand – in other words, what they are *presently*, and not what they were before the opportunity to settle was declined.

### C. The Declaratory Judgment Act Authorizes the Relief Sought By Counter-Claimants.

The Ninth Circuit has ruled that the Declaratory Judgment Act permits the hearing of disputes over an insurer's ultimate obligation to indemnify before claims triggering its duty to indemnify have been resolved. (*American States Ins. Co. v. Kearns* (9th Cir. 1994) 15 F.3d 142, 144, citing *Maryland Casualty Co. v. Pacific Coal & Oil Co.* (1941) 312 U.S. 270; *Aetna Casualty and Sur. Co. v. Merritt* (9th Cir. 1992) 974 F.2d 1196, 1199; *Eureka Federal S & L v. Amer. Cas. Co. of Reading* (9th Cir. 1989) 873 F.2d 229, 231-232.) Evanston presumably knows this law, since its *own* complaint for declaratory judgment precedes the resolution of the underlying action. In *Maryland Casualty Co. v. Pacific Coal & Oil*

HINKLE JACHIMOWICZ POINTER & EMANUEL
2007 W. HEDDING STREET
SAN JOSE, CALIFORNIA 95128
(408) 246-5500

*Co., supra,* the Supreme Court offered the following test for determining ripeness:

> Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy to warrant the issuance of a declaratory judgment.

(*Maryland Casualty, supra,* 312 U.S. at 273.) The Ninth Circuit has not fashioned a bright line test for satisfying the *Maryland Casualty* factors, but it has interpreted those factors to require practical usefulness in settling the legal relations of parties:

> Thus, declaratory relief is appropriate "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."

(*Eureka Federal, supra,* 873 F.2d at 231, quoting *Bilbrey by Bilbrey v. Brown* (9th Cir. 1984) 738 F.2d 1462, 1470.)

Other courts have logically concluded that the question is one of practicality. Is there a "practical likelihood" that the contingent duty to pay will occur? (*Associated Indem. v. Fairchild Industries* (2nd Cir. 1992) 961 F.2d 32, 35, citing 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure (2d ed. 1983) § 2757, at 587.) Is there a "minimum likelihood" that the relief sought will actually matter? (*Neely v. Benefits Review Bd.* (1st Cir. 1999) 139 F.3d 276, 279.) Evanston's complaint concedes such a practical or minimum likelihood. How else would it be timely for Evanston to seek a declaration of its applicable policy limits now?

In *Eureka Federal, supra,* 873 F.2d at 231-232, the Ninth Circuit held it was proper to seek declaratory judgment of an insurer's applicable

8

MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANTS GHILLIE SUITS.COM, INC. AND TODD MURHEAD IN OPPOSITION TO EVANSTON INSURANCE COMPANY'S MOTIONS TO DISMISS COUNTERCLAIMS

HINKLE JACHIMOWICZ POINTER & EMANUEL
2007 W. HEDDING STREET
SAN JOSE, CALIFORNIA 95128
(408) 246-5500

policy limits prior to resolution of the underlying action because of the insurer's duty of good faith and fair dealing to settle claims. Recognizing that uncertainty over the amount of coverage would skew the settlement process, the court held that the parties had an interest of "sufficient immediacy and reality" to warrant the court's exercise of jurisdiction. (*Id.* at 232.) Similar to the circumstances of this case, the Ninth Circuit noted that a settlement could not be achieved without a resolution of the limits of insurance. (*Id.* at 232.)

Evanston commenced this action because of uncertainty over the limits of its duty to indemnify Ghillie Suits.com and Muirhead. That uncertainty includes not just the amount of Evanston's policy limits, but also Evanston's right to assert *any policy limit* after rejecting a reasonable policy limits demand. It is not enough for the Court to declare whether Evanston's policy limits are $1 million or $2 million where the counterclaims allege that the damages suffered by the Eharts and McClanahan exceed the higher limitation of coverage. A settlement cannot be achieved without a resolution of the *full application* of Evanston's policy limits, including whether Evanston's rejection of a reasonable settlement demand has legally *waived* them.

In *ACandS, Inc. v. Aetna Cas .& Surety Co.* (3rd Cir. 1981) 666 F.2d 819, 823, cited by the Ninth Circuit in *Eureka Federal, supra,* the court held that a district court had committed error in dismissing an action for declaratory judgment of an insurer's duty to indemnify before underlying claims against the insured were resolved. Observing that resolution of the duty to indemnify would not result in "any immediate payment of damages," the court ruled that the insurer's duty to *settle* rendered the dispute over its duty to indemnify an actual controversy:

9
MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANTS GHILLIE SUITS.COM, INC. AND TODD MURHEAD IN OPPOSITION TO EVANSTON INSURANCE COMPANY'S MOTIONS TO DISMISS COUNTERCLAIMS

HINKLE JACHIMOWICZ POINTER & EMANUEL
2007 W. HEDDING STREET
SAN JOSE, CALIFORNIA 95128
(408) 246-5500

> It would turn reality of the claims adjustment process on its head to hinge justiciablity of an insurance agreement on the maturation of a suit to a judgment when the overwhelming number of disputes are resolved by settlement. The respective obligations of insured and insurers, when disputed, require determination much in advance of judgment since they will designate the bearer of ultimate liability in the underlying cases and hence the bearer of the onus and risks of settlement. So viewed, the controversy is quite proper for a judicial determination now. To delay for the sake of more concrete development would prevent the litigants from shaping a settlement strategy and thereby avoiding unnecessary costs.

(*Id.* at 823.)

Evanston's action concedes by its very nature that its insureds will be found liable for the debilitating injuries suffered by Ehart and McClanahan. The insureds have conceded that the damages suffered by the Eharts exceed $1 million, that the damages suffered by McClanahan exceed $1 million, and that together the damages of all three claimants exceed Evanston's higher limitation of coverage. (Ghillie counterclaim, ¶¶ 12 and 14.) To paraphrase the *ACandS* court, it would turn the claims adjustment process on its head to hinge the justiciability of the full application of Evanston's policy limits on the existence of an excess judgment in the underlying action. If, as Evanston concedes, the time is ripe to determine the application of Evanston's policy limits before it breached the duty of good faith and fair dealing, then the time is equally ripe to determine the application of Evanston's policy limits after such breach occurred.

**D. The Counterclaims Do Not Seek to "Trap" Evanston, Who Already Has Breached the Duty of Good Faith**

**and Fair Dealing and Can Do Nothing to Undo That Breach.**

Without citing any case law, Evanston complains that the counterclaims are inconsistent with the Declaratory Judgment Act because they purportedly seek to "trap" Evanston, rendering it powerless to "alter its conduct or course of action." (Evanston's motion to dismiss Ehart counterclaim, p. 11: 21-24.) Not so. *The conduct for which counterclaimants seek a declaratory judgment is complete.* Evanston *already* has breached its duty of good faith and fair dealing; Evanston no longer can undo that breach. Whether the Court decides the waiver of Evanston's policy limits now or sometime down the road, there is nothing Evanston can do to alter its October 11, 2007 rejection of a reasonable policy limits demand. By adjudicating now whether its limits of liability have been waived, Evanston at least can assess whether taking the underlying action to trial makes sense, or whether it might be better to attempt a bleated settlement of the underlying action before a jury decides the issue of damages.

**E. The Bad Faith Cases Cited by Evanston Do Not Apply to a Dispute over the Applicable Limits of Evanston's Insurance Initiated by Evanston Itself.**

Evanston cites a number of California cases holding that a cause of action for damages arising from breach of the duty of good faith and fair dealing may not be brought before the underlying action has resolved.[1] Counter-claimants agree. As noted above, the counterclaims

---

[1] The cases cited by Evanston are Comunale, supra, 50 Cal.2d 654; Hamilton v. Maryland Casualty Co. (2002) 27 Cal.4th 718; Finkelstein v. 20th Century Ins. Co. (1993) 11 Cal.App.4th 926; and Doser v. Middlesex Mutual Ins. Co. (1980) 101 Cal.App.3d 883. (Evanston's motion to dismiss counterclaim of Eharts and McClanahan, pp. 7-9.)

11
MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANTS GHILLIE SUITS.COM, INC. AND TODD MURHEAD IN OPPOSITION TO EVANSTON INSURANCE COMPANY'S MOTIONS TO DISMISS COUNTERCLAIMS

HINKLE JACHIMOWICZ POINTER & EMANUEL
2007 W. HEDDING STREET
SAN JOSE, CALIFORNIA 95128
(408) 246-5500

are not actions for damages. They are actions for *declaratory judgment*, brought in response to Evanston's action for declaratory judgment.

In none of the cases cited by Evanston, did the insurer initiate an action for declaratory judgment asking the court to determine its applicable limits of liability, and requesting reimbursement above a certain amount. Moreover, in none of the cases cited by Evanston, did an insured file a counterclaim for declaratory judgment seeking to determine whether the insurer's limits of liability had been waived. Each of the cases involved an action for damages brought after a judgment or settlement. The issue presented was when the insured, or an assignee of the insured, could first state a cause of action for *damages,* not a cause of action for declaratory relief. In the cases involving a settlement, the courts held that the failure to obtain an excess judgment was fatal to an action for damages.

There is no settlement here preventing the possibility of an excess judgment. Evanston still faces liability for breach of the implied covenant of good faith and fair dealing when the underlying action goes to trial. Evanston could have waited until after that trial to determine its limits of liability; no law required that it sue for declaratory relief early, and no law required that it sue the persons suing its insureds now. Evanston chose otherwise, pleading that the time for determining its applicable limits of liability was ripe. If two seriously injured Marines must defend Evanston's lawsuit to determine the applicable limits of Evanston's policy, it is reasonable and appropriate that Evanston defend its waiver of those limits at the same time.

Interestingly, Evanston cites *Griffin v. Allstate Ins. Co.* (C.D.Cal. 1996) 920 F.Supp. 127 for the proposition that a court will not question

12
MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANTS GHILLIE SUITS.COM, INC. AND TODD MURHEAD IN OPPOSITION TO EVANSTON INSURANCE COMPANY'S MOTIONS TO DISMISS COUNTERCLAIMS

an insurer's performance of its good faith obligations until benefits are due under the policy. (Evanston's motion to dismiss Ehart counterclaim, p. 6:25-28.) Counterclaimants submit that benefits were due when they made a reasonable settlement demand that Evanston pay them. The time is thus ripe for the Court to question whether Evanston breached its duty of good faith and fair dealing.

### F. It Is Evanston Who Seeks an Improper Advisory Opinion By Asking the Court to Declare What Evanston's Obligations Once Were, and Not What They Are Now.

Evanston argues that the counterclaims seek abstract relief, not actual relief, as though counter-claimants are seeking an improper advisory opinion. (Evanston's motion to dismiss Ehart counterclaim, pp. 12-13.) In reality, however, it is Evanston who seeks an advisory opinion, since it asks the Court to declare the limits of liability *before* Evanston rejected a reasonable settlement demand, not the limits of liability when judgment eventually will be entered. While it certainly is necessary to determine whether Evanston's obligation was limited to $1 million or $2 million initially, the Court will need to address more than that original obligation to resolve the *actual and present controversy* which exists today.

In the prayer of its own complaint, Evanston invites the Court to determine the rights and obligations of Evanston, the Eharts, McClanahan and Evanston's insureds. (Evanston's complaint, p. 16: 6-8.) By their respective counterclaims, the Eharts, McClanahan, Ghillie Suits.com and Muirhead make similar requests, only they ask the Court for a full declaration in light of all of the facts alleged. Since the

13

MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANTS GHILLIE SUITS.COM, INC. AND TODD MURHEAD IN OPPOSITION TO EVANSTON INSURANCE COMPANY'S MOTIONS TO DISMISS COUNTERCLAIMS

HINKLE JACHIMOWICZ POINTER & EMANUEL
2007 W. HEDDING STREET
SAN JOSE, CALIFORNIA 95128
(408) 246-5500

purpose of the Declaratory Judgment Act is to "avoid accrual of avoidable damages to one not certain of his rights" (Evanston's motion to dismiss Ehart counterclaim, p. 10:19-20), it makes more sense that the Court declare Evanston's true policy limits while there is still the opportunity to settle the underlying case. Once judgment is entered, Evanston no longer will be able to "avoid the accrual of avoidable damages," since the damages caused by its October 11, 2007 breach of the duty to settle will then be fixed.

## II. EVANSTON'S MOTION TO STRIKE IS EQUALLY DEVOID OF MERIT.

Evanston asks the Court to strike certain allegations of the counterclaims if the Court determines that the counterclaims are ripe. The allegations are the counter-claimants' references to breach of the implied covenant of good faith and fair dealing. Evanston gives no grounds for its motion to strike, other than "the facts and legal argument" in support of its motion to dismiss. (Evanston's motion to dismiss Ehart counterclaim, p. 14:6-7.) As noted above, a motion to strike is permitted where the allegations sought to be stricken are redundant, immaterial, impertinent or scandlous. (Federal Rules of Civil Procedure, Rule 12 (f).) Evanston has not complained of redundancy or scandal, so it appears to rely on the "immaterial" and "impertinent" standards.

Neither applies to the allegations of the counterclaims.

Allegations are "immaterial" if they have no bearing on the controversy before the court. (*Fantasy, Inc. v. Fogerty, supra*, 984 F.2d at 1527.) Allegations are "impertinent" if they are not responsive or relevant to issues involved in the action, and cannot be admitted as evidence. (*Id.*)

MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANTS GHILLIE SUITS.COM, INC. AND TODD MURHEAD IN OPPOSITION TO EVANSTON INSURANCE COMPANY'S MOTIONS TO DISMISS COUNTERCLAIMS

HINKLE JACHIMOWICZ POINTER & EMANUEL
2007 W. HEDDING STREET
SAN JOSE, CALIFORNIA 95128
(408) 246-5500

1  Evanston offers neither facts nor law supporting the conclusion that its
2  breach of the implied covenant of good faith and fair dealing is
3  immaterial or impertinent. Evanston's breach is what triggers the waiver
4  of its policy limits, and thus the breach has a direct bearing on the
5  controversy before the court. Evanston's breach also is responsive and
6  relevant to the issues Evanston itself has raised, and it certainly is
7  evidence that can be admitted when the full *actual and present*
8  *controversy* goes to trial.

## CONCLUSION

After opening the door to a determination of its applicable policy limits, Evanston hopes to close the door before its insureds and the persons who have sued its insureds can litigate whether those limits have been waived. The real controversy is not the application of Evanston's policy limits before it rejected a settlement demand within those limits. The real controversy is whether Evanston still has policy limits after it rejected a reasonable policy limits demand. Since the Ninth Circuit encourages the exercise of jurisdiction to resolve disputes over uncertainties in the application of an insurer's limits of coverage, it follows that the counterclaims present a justifiable controversy warranting declaratory judgment.

A decision by this Court as to the number of occurrences that caused the injuries to the Plaintiffs will provide peace of mind to Counter-Claim's Gillie and Muirhead.

For all of the reasons stated, counterclaimants Ghillie Suits and Todd Muirhead respectfully request that the Court deny Evanston's motions to dismiss.

Dated: August 29, 2008          **HINKLE, JACHIMOWICZ, POINTER & EMANUEL**

**HINKLE JACHIMOWICZ POINTER & EMANUEL**
**2007 W. HEDDING STREET**
**SAN JOSE, CALIFORNIA 95128**
**(408) 246-5500**

15
MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANTS GHILLIE SUITS.COM, INC. AND TODD MURHEAD IN OPPOSITION TO EVANSTON INSURANCE COMPANY'S MOTIONS TO DISMISS COUNTERCLAIMS

    /S/ Gerald A. Emanuel
GERALD A. EMANUEL
Attorney for Defendants and Counter-Claimants
GHILLIE SUITS.COM, INC and
TODD MUIRHEAD

HINKLE JACHIMOWICZ POINTER & EMANUEL
2007 W. HEDDING STREET
SAN JOSE, CALIFORNIA 95128
(408) 246-5500

16

MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANTS GHILLIE SUITS.COM, INC. AND TODD MURHEAD IN OPPOSITION TO EVANSTON INSURANCE COMPANY'S MOTIONS TO DISMISS COUNTERCLAIMS