Jeffrey S. Bolender (Bar No. 174423)
Thomas H. Schelly (Bar No. 217285)
Bolender & Associates,
A Professional Law Corporation
2601 Airport Drive, Suite 360
Torrance, CA 90505
Telephone: (310) 784-2443
Facsimile: (310) 784-2444

Attorney for Plaintiff,
EVANSTON INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION**

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, an Illinois corporation,<br><br>                    Plaintiff,<br><br>vs.<br><br>GHILLIE SUITS.COM, INC, a Georgia corporation; TODD MUIRHEAD, a Georgia resident; JEREMY JAMES EHART, a Kansas resident; KRISTY EHART, a Kansas resident; and STEVEN RYAN McCLANAHAN, a West Virginia resident, and DOES 1 - 100,<br><br>                    Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. C 08 02099 JF<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**[F.R.Civ.P 26(f)]**<br><br><u>Case Management Conference</u><br>Date : September 19, 2008<br>Time : 10:30 a.m.<br>Judge : Jeremy Fogel<br>Court : 3<br><br>Complaint Filed: 04/22/2008<br>Trial Date: not set |

      Pursuant to *Federal Rules of Civil Procedure* Rules 26(f) and 16(b) and Local Rules 16-9, plaintiff and counter-

defendant Evanston Insurance Company, and defendants and counter-claimants Ghillie Suits.com, Inc. and Todd Muirhead, and defendants and counter-claimants Jeremy James Ehart, Kristy Ehart, and Steven Ryan McClanahan, submit the following scheduling report:

**1. Jurisdiction and Service:**

A.   This Court has original jurisdiction under 28 U.S.C. § 1332, in that this is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars ($75,000.00 US).

B.   No issues exist regarding venue in this action as venue in this judicial district is proper under 28 U.S.C. § 1391(a)(2), because the events giving rise to the claims asserted herein occurred within the County of Monterey in the Northern District of California.

C.   This Court can enter the declaratory judgments sought herein under The Declaratory Judgment Act, 28 U.S.C. § 2201, because this case presents an actual controversy within the Court's jurisdiction.  This Court also has supplemental jurisdiction over all other claims herein because said claims are so related to claims for declaratory judgment in the action within such original jurisdiction that they form part of the

1 same case or controversy under Article III of the United States Constitution.

D.   There are no issues regarding personal jurisdiction.

E.   All parties have been served.

2. **FACTS:**

A.   This action arises out of an underlying lawsuit for damages resulting from burn injuries suffered during a joint training exercise conducted by the United States Department of Energy and Wackenhut Services Incorporated ("Wackenhut") on October 28, 2004.  At the time of the alleged injuries, defendants and counter-claimants Jeremy James Ehart (a lance corporal in the United States Marines) and Steven Ryan McClanahan (a corporal in the United States Marines) were each wearing camouflaged clothing called "ghillie suits" manufactured and distributed by defendant and counter-claimant Ghillie Suits.com, Inc. The ghillie suits had been distributed by  Ghillie Suits.com, Inc. with some eight-ounce bottles of "Fire-Proof-It Spray," which the president and owner of Ghillie Suits.com, Inc. represented would make the ghillie suits fire safe.

During the joint training exercise, a receiver flash from a blank fire automatic machine gun supplied by Wackenhut ignited Ehart's ghillie suit causing Ehart to catch on fire. McClanahan, who was 40 meters from Ehart when Ehart caught on fire, ran to Ehart and attempted to extinguish the flames. After removing his ghillie jacket to smother the flames engulfing Ehart, McClanahan's ghillie pants caught on fire. Both men were severely burned.

At the time of the alleged injuries, Ghillie Suits.com, Inc. was insured under a Commercial General Liability ("CGL") policy that had been issued by Evanston Insurance Company ("Evanston"), effective from May 19, 2004 to May 19, 2005. The policy provided indemnity of up to $1,000,000 *per occurrence* for "bodily injury" and/or "property damage," subject to an aggregate limit of $2,000,000.

On October 18, 2006, Jeremy Ehart, Steven McClanahan, and Ehart's wife Kristy Ehart (collectively the "Underlying Plaintiffs") brought an action against, *inter alia*, Ghillie Suits.com, Inc., and its president and owner Todd Muirhead, (collectively "GSC") for strict product liability (design defect and failure to warn), negligence, breach of implied warranty, and loss of consortium (the "Underlying Lawsuit").

On September 26, 2007, the Underlying Plaintiffs made a demand for the $2,000,000 aggregate limit of Evanston's

policy based on two occurrences, one causing the injuries to Ehart and another causing the injuries to McClanahan. On October 11, 2007, Evanston did not accept the demand, contending that there was only one occurrence, and therefore only $1,000,000 of coverage.

      B.    The parties believe there are no material factual issues in dispute at this time.

**3.    LEGAL ISSUES:**

The legal issue involved in this action concerns the amount of coverage Evanston owes in the event of a judgment against GSC. Evanston asserts that under California law, the number of occurrences is determined by the cause of the injury, not the number of injuries. *Bay Cities Paving & Grading v. Lawyers' Mutual Insurance Company* (1993) 5 Cal.4th 854, 863. Evanston asserts that the events that occurred on October 28, 2004 constitute one "occurrence," and therefore, as a matter of law, Evanston is not obligated to provide more than $1,000,000 in indemnity coverage to GSC.

Eharts and McClanahan acknowledge that the number of occurrences is determined by the number of causes of injury, and they contend that there were at least two causes of the burn injuries relating to the determination of coverage under the terms of Evanston's policy. One cause was the receiver

flash that ignited Ehart's ghillie suit.  Another cause was McClanahan's decision to rescue Ehart.  A third cause was the defective condition of McClanahan's own ghillie suit due to its design and the inadequacy of the "Fire-Proof-It Spray."  Eharts and McClanahan contend that Evanston was obligated to provide $2,000,000 in indemnity coverage, and that Evanston breached its duty of good faith and fair dealing by rejecting their demand for the aggregate limits of the policy.  Eharts and McClanahan contend that by virtue of its rejection of the demand for $2,000,000, Evanston is now obligated to indemnify GSC against the entirety of the compensatory damages awarded against GSC.

Ghillie Suits and Muirhead agree with Underlying Plaintiffs' contention that there was more than one cause of the burn injuries, and that Evanston was therefore obligated to provide $2,000,000 in indemnity coverage.  Ghillie Suits and Muirhead contend that Evanston breached the duty of good faith and fair dealing by rejecting the demand for the aggregate limits of the policy, and that Evanston is now liable for the entirety of the compensatory damages awarded against GSC.

**4.    MOTIONS:**

Evanston:

Evanston has or intends to file and serve the following motions:

a. Motion to Dismiss Counterclaim filed by Jeremy James Ehart, Kristy Ehart, and Steven Ryan McClanahan.  This motion is set for hearing on September 19, 2008;

b. Motion to Dismiss Counterclaim filed by Ghillie Suits.com, Inc. and Todd Muirhead.  This motion is set for hearing on September 19, 2008;

c. Motion for Partial Summary Judgment.  The parties have agreed that this motion, which is presently set for September 19, 2008, should be set for hearing in conjunction with motions for summary judgment or partial summary judgment brought by Eharts, McClanahan, Ghillies Suits and Muirhead.

<u>Ghillie Suits and Muirhead</u>:

Ghillie Suits and Muirhead have or intend to file the following motions:

a. Motion for Summary Judgment or Partial Summary Judgment.  This motion will be set for hearing in conjunction with Evanston's motion for partial summary judgment.

<u>Eharts</u>:

Eharts have or intend to file the following motions:

a. Motion for Summary Judgment or Partial Summary Judgment. This motion will be set for hearing in conjunction with Evanston's motion for partial summary judgment. There are no other prior or pending motions at this time, and the parties do not anticipate any additional motions.

**5.    AMENDMENT OF PLEADINGS:**

Other than any amendments allowed by the Court pursuant to Evanston's Motions to Dismiss, the parties do not anticipate any amendments to any of the pleadings in this action.

**6.    EVIDENCE PRESERVATION:**

The parties do not anticipate any problems or issues regarding the preservation of evidence.

**7.    DISCLOSURES:**

The parties have fully and timely complied with the initial disclosure requirements pursuant to *Federal Rules of Civil Procedure* Rule 26.

**DISCOVERY:**

The parties stipulate that discovery should not be limited except for those limitations imposed by the Federal Rules of Civil Procedure, subject to each party's right to petition the court for an order permitting modification of any statutory limitations.

The subjects on which discovery may be needed will likely pertain to the events that occurred on October 28, 2004. Assuming they can agree upon certain stipulated facts, the parties do not anticipate the need for any discovery before the Court has ruled on the motions for summary judgment and partial summary judgment.

**9.    CLASS ACTIONS:**

This matter is not a class action.

**10.    RELATED CASES:**

<u>Jeremy James Ehart, Kristy Ehart and Steven Ryan McClanahan v. Ghillie Suits.com Inc., et al.</u>; United States District Court, Northern District of California, San Jose Division, Case No. 06 06507.

**11.    RELIEF:**

<u>Evanston</u>:

Evanston seeks a judicial determination of the respective rights and obligations of Evanston and defendants, and each of them, under the applicable insurance policy, including a declaration that Evanston's interpretation of said policy is correct, and that Evanston's indemnity obligations to Ghillie Suits and Muirhead under the Evanston Policy are limited by the $1,000,000 per occurrence limit.

In addition, Evanston seeks a money judgment against Ghillie Suits in an amount to be proven at trial with respect to any and all payments made and/or to be made by Evanston in excess of $1,000,000 in indemnification of Ghillie Suits and/or Muirhead in the Underlying Lawsuit.

Lastly, Evanston seeks recovery for its costs incurred in prosecution of this lawsuit, for all necessary and reasonable attorney fees, and for any other and further relief this court deems just and proper.

<u>Ghillie Suits and Muirhead</u>:

Ghillie Suits and Muirhead seek a judicial determination that Evanston is in breach of the covenant of good faith and fair dealing with respect to the insurance policy at issue in this action for allegedly failing to settle the Underlying Lawsuit within the policy's aggregate limits of $2,000,000. Ghillie Suits and Muirhead seek an order that Evanston be

precluded from asserting any policy limits with respect to the payment of any compensatory damages judgment awarded against Ghillie Suits and/or Muirhead in the Underlying Lawsuit.

Ghillie Suits and Muirhead also seek recovery of their costs and attorney fees incurred to defend this action and prosecute their counterclaim.

<u>Eharts and McClanahan</u>:

Eharts seek a judicial determination that Evanston is in breach of the covenant of good faith and fair dealing with respect to the insurance policy at issue in this action for allegedly failing to settle the Underlying Lawsuit within the policy's aggregate limits of $2,000,000.  Eharts seek an order that Evanston be precluded from asserting any policy limits with respect to the payment of any compensatory damages judgment awarded against Ghillie Suits and/or Muirhead in the Underlying Lawsuit.

Eharts and McClanahan also seek recovery of their costs and attorney fees incurred to defend this action and prosecute their counterclaim.

**12.    SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION:**

The Parties have discussed alternative dispute resolution options, including, without limitation, the option of participation in the court's mediation program. The Parties are prepared to consider this matter further and discuss options at the Scheduling Conference.

**13.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

The parties do not consent to a magistrate judge for all purposes in this case.

**14.  OTHER REFERENCES:**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  NARROWING OF ISSUES:**

The parties have discussed the presentation of cross-motions for summary judgment and/or partial summary judgment on stipulated facts, so long as the facts are not binding against any party in the Underlying Lawsuit.

**16.  EXPEDITED SCHEDULE:**

The parties believe that there are no material facts in dispute, and therefore intend to seek summary judgment and/or

partial summary judgment with respect to the number of occurrences and Evanston's breach of the implied covenant of good faith and fair dealing.  The parties believe it would be prudent to schedule all summary judgment motions for hearing on the same date, and the parties will ask the Court for an appropriate hearing date when they appear for the case management conference.

**17. SCHEDULING:**

The parties believe that the scheduling of discovery and trial is premature, and therefore request that the Court schedule another case management conference after the cross-motions for summary judgment or partial summary judgment have been heard.

**18. TRIAL:**

The parties believe it is premature to set a trial date at this time.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

Plaintiff Evanston:

New York Fire-Shield, Inc., d/b/a and a/k/a N.Y. Fire-Shield, Inc., and d/b/a and a/k/a New York Fire-Shield, Inc., a

corporation organized and existing under the laws of the State of New York.

Wackenhut Services, Inc., and/or The Wackenhut Corporation, a corporation organized and existing under the laws of the State of Florida.

United States Marine Corps., a government entity.

The United States Department of Energy, a government entity.

<u>Eharts and McClanahan</u>:

In addition to the interested persons and entities disclosed by Evanston, Eharts and McClanahan disclose:

The United States of America, under the provisions of 42 U.S.C. §§ 2651-2653 et seq. and 10 U.S.C. §1095, for medical and hospital care and treatment, and the value of future care, with respect to Jeremy James Ehart and Steven Ryan McClanahan.

**20. <u>OTHER MATTERS</u>:**

No other matters at this time.

```
                              BOLENDER & ASSOCIATES,
                              A Professional Law Corporation

Dated: 9/2/08       By:       _____/s/_____
                              Jeffrey S. Bolender
                              Thomas H. Schelly
                              Attorneys for Plaintiff and
                              Counter-defendant,
                              Evanston Insurance Company

Dated: 9/2/08                 HINKLE, JACHIMOWICZ, POINTER &
                              EMANUEL


                              _____/s/_____
                              Gerald A. Emanuel
                              Attorneys for Defendants and
                              Counterclaimants, Ghillie
                              Suits.com, Inc. and Todd
                              Muirhead


Dated:  9/2/08                WILLOUGHBY, STUART & BENING, INC.


                              _____/s/_____
                              Alexander F. Stuart
                              Attorneys for Defendants and
                              Counterclaimants, Jeremy James
                              Ehart, Kristy Ehart and Steven
                              Ryan McClanahan
```