Jeffrey S. Bolender (Bar No. 174423)
Thomas H. Schelly (Bar No. 217285)
Bolender & Associates,
A Professional Law Corporation
2601 Airport Drive, Suite 360
Torrance, CA 90505
Telephone: (310) 784-2443
Facsimile: (310) 784-2444

Attorney for Plaintiff and Counter-Defendant,
EVANSTON INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GHILLIE SUITS.COM, INC., a Georgia corporation; TODD MUIRHEAD, a Georgia resident; JEREMY JAMES EHART, a Kansas resident; KRISTY EHART, a Kansas resident; and STEVEN RYAN McCLANAHAN, a West Virginia resident, and DOES 1 - 100,<br><br>Defendants. | Case No.: C08-02099 JF<br>[Hon. Jeremy Fogel]<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER DISMISSING COUNTERCLAIM OF GHILLIE SUITS.COM, INC. AND TODD MUIRHEAD**<br><br>Hearing Date: Sept. 19, 2008<br>Hearing Time: 9:30 a.m.<br>Dept: Courtroom 3<br><br>Complaint Filed: 4/22/2008<br>Trial Date: None Set |
| AND RELATED COUNTER-CLAIMS | |

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................i

TABLE OF AUTHORITIES .........................................ii

I.   COUNTERCLAIMANTS CONTINUE TO MISCHARACTERIZE THEIR ACTION AS ONE FOR DECLARATORY RELIEF ..........................2

II.  COUNTERCLAIMANTS' OPPOSITION FURTHER SHOWS THAT THEIR COUNTERCLAIM IS CONTRARY TO THE PURPOSE AND INTENT OF THE DECLARATORY JUDGMENT ACT ..............................2

III. THE COUNTERCLAIMANTS CONTINUE TO ASSERT LEGAL CONCLUSIONS, NOT FACTS.........................................3

IV.  THE CASE LAW COUNTERCLAIMANTS CITE IN SUPPORT OF THEIR POSITION IS DISTINGUISHIABLE..........................5

V.   EVANSTON DOES NOT CONCEDE ITS INSURED'S LIABILITY OR COUNTERCLAIMANTS' DAMAGES ..............................8

VI.  THE COUNTERCLAIM SEEKS IMPROPER RELIEF, NOT ABSTRACT RELIEF ................................................8

VII. THE COUNTERCLAIM SHOULD BE DISMISSED WITH PREJUDICE ..9

VIII. CONCLUSION ........................................10

# TABLE OF AUTHORITIES

*ACandS, Inc. v. The Aetna Cas. & Surety Co.*
    (3rd Cir. 1981) 666 F.2d 819 ......................3,6,7

*Eureka Federal Savings and Loan Assoc. v. American Casualty Co.*
    (9th Cir. 1989) 873 F.2d 229 ......................5,6

*Fischer v. Vantive Corp. (in Re Vantive Corp. Secs. Litig.)*
    (9th Cir. 2002) 283 F.3d 1079 .....................9,10

*Ileto v. Glock, Inc.*
    (9th Cir. 2003) 349 F.3d 1191 ........................4

*In re Delorean Motor Co.*
    (6th Cir. 1993) 991 F.2d 1236 ........................4

*Steckman v. Hart Brewing, Inc.*
    (9th Cir. 1998), 143 F.3d 1293 .......................9

*Taylor v. F.D.I.C.*
    (DC Cir. 1997) 132 F.3d 753 .........................4

*Tennison v. California Victim Comp. & Government Claims Bd.*
    (2007) 152 Cal.App.4th 1164..........................4

*Transphase Systems, Inc. v. Southern Calif. Edison Co.*
    (CD CA 1993) 839 F.Supp. 711 ........................4

*Travelers Insurance Company v. Davis*
    (3rd Cir. 1974) 490 F.2d 536 ........................3

I.  **COUNTERCLAIMANTS CONTINUE TO MISCHARACTERIZE THEIR ACTION AS ONE FOR DECLARATORY RELIEF**

Counterclaimants' insistence that their bad faith lawsuit is really a declaratory relief action does not alter the true nature of their claim. The "declaration of rights and other legal relations" that Counterclaimants seek is actually the damages one recovers in a claim for breach of the covenant of good faith and fair dealing – that the insurer can no longer assert any policy limits with respect to any damage award. However, rather than allow for the accrual of the cause action for bad faith, Counterclaimants allege legal conclusions as established facts, and request the court "declare" that Evanston is in breach based upon these legal conclusions, and award Counterclaimants the benefit of having prevailed on a bad faith claim – i.e., a ruling that Evanston must indemnify them irrespective of any policy limits, or in other words, award them damages.

II. **COUNTERCLAIMANTS' OPPOSITION FURTHER SHOWS THAT THEIR COUNTERCLAIM IS CONTRARY TO THE PURPOSE AND INTENT OF THE DECLARATORY JUDGMENT ACT**

Counterclaimants' assertion that "[t]he conduct for which counterclaimants seek a declaratory judgment is complete" further shows that the counterclaim runs counter to the purpose and intent of the Declaratory Judgment Act – to avoid the

accrual of avoidable damages to one not certain of his rights. *Travelers' Insurance Co. v. Davis* (3rd Cir. 1974) 490 F.2d 536, 543. If, as Counterclaimants assert, Evanston's conduct is "complete" for a determination of bad faith, then no purpose is served by a declaration of rights and other legal obligations, as nothing Evanston does will avoid an accrual of avoidable damages, or avoid violating a party's rights. *Id.; See, Also, ACandS, Inc. v. The Aetna Cas. & Surety Co.* (3rd Cir. 1981) 666 F.2d 819, 823 (Holding that "declaratory judgment relief was intend to avoid precisely the accrual of avoidable damages to one not certain of his rights)(internal citations omitted). Counterclaimants are not seeking a judicial determination of rights and duties, they want a declaration that Evanston committed malfeasance, with the attending right to reap the rewards.

## III. THE COUNTERCLAIMANTS CONTINUE TO ASSERT LEGAL CONCLUSIONS, NOT FACTS

Counterclaimants continue to allege and assert conclusory allegations as facts. Throughout their counterclaim and their opposition to Evanston's motion to dismiss, Counterclaimants premise their demand for relief upon Evanston's supposed breach of the covenant of the good faith and fair dealing, and their claim that the plaintiffs' settlement offer in the underlying lawsuit was "reasonable." However, allegations of having breached the covenant of good faith and fair dealing, and

3

Reply Memorandum Of Points And Authorities In Support Of Motion For Order Dismissing Ghillie Suits' and Muirhead's Counterclaim
Case No. C08-02099 JF

allegations of "reasonableness" are legal conclusions, not facts. *Tennison v. California Victim Comp. & Government Claims Bd.* (2007) 152 Cal.App.4th 1164, 1165. The court need not accept as true conclusory allegations or legal characterizations. *See, Ileto v. Glock, Inc.* (9th Cir. 2003) 349 F.3d 1191, 1200 (holding that, with respect to motions to dismiss pursuant to Rule 12(b)(6), the court will not assume the truth of legal conclusions cast in the form of factual allegations). In addition, the Court need not accept unreasonable inferences or unwarranted deductions of fact. *In re Delorean Motor Co.* (6th Cir. 1993) 991 F.2d 1236, 1240; *Taylor v. F.D.I.C.* (DC Cir. 1997) 132 F.3d 753, 762; *Transphase Systems, Inc. v. Southern Calif. Edison Co.* (CD CA 1993) 839 F.Supp. 711, 718.

The actual facts alleged in the counterclaim are insufficient to assert a claim that Evanston breached the covenant of good faith and fair dealing. As stated in Evanston's motion, a claim for breach of the covenant of good faith and fair dealing requires that there be an additional fact alleged – a final judgment against Evanston's insured (i.e., Counterclaimants) in excess of the policy limits. Whether the plaintiffs' offer of settlement in the underlying lawsuit was reasonable, or whether Evanston's decision not to accept the offer was a breach of the covenant of good faith and fair dealing are not facts but conclusions and legal

4

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER
DISMISSING GHILLIE SUITS' AND MUIRHEAD'S COUNTERCLAIM
CASE NO. C08-02099 JF

characterizations. Counterclaimants fail to allege sufficient facts to state a viable cause of action against Evanston; this motion should be granted and the counterclaim dismissed with prejudice.

## IV. THE CASE LAW COUNTERCLAIMANTS CITE IN SUPPORT OF THEIR POSITION IS DISTINGUISHABLE

*Eureka Federal Savings and Loan Assoc. v. American Casualty Co.* (9th Cir. 1989) 873 F.2d 229 is distinguishable from the instant matter. In *Eureka*, the issue was whether the policy limits were $20 million or $100 million, not whether the insurer committed a breach of the covenant of good faith and fair dealing. The Court explains that determining which policy limit is the correct limit will "serve a useful purpose in clarifying and settling the legal relations in issue." *Id.* at 231.

Unlike the litigants in *Eureka*, Counterclaimants do not seek to clarify their rights and legal relations – whether the amount of insurance coverage available is $1 million or $2 million – rather, they seek a ruling that Evanston did something wrong, thereby allowing them a blank check from which to work. No legal relationship will be clarified by the counterclaim, only a blunt determination of wrongdoing, and an award of recompense as a result of the wrongdoing.

In fact, in *Eureka* a policy limits demand was made on the insurer. The demand was declined, and then the declaratory relief action ensued. Although the Court discussed the issue of bad faith, the Court did not consider the insurer's action to be in breach of the covenant of good faith and fair dealing, nor did the Court determine that the insurer waived its right to assert any policy limits. *See, Id.* at 231-232.

*ACandS, Inc. v. Aetna Cas. & Surety Co.* (3rd Cir. 1981) 666 F.2d 819, concerns the insurer's duty to defend its insured against various lawsuits, not the policy limits. In *ACandS*, the insurers denied coverage for the underlying action and declined to defend the insured in the underlying action, thereby leaving the insured to assume its own defense costs and obligations. The Court correctly determined that the "obligation to defend is a current one as to which the parties are in conflict[,] [i]t is independent of the facts of the underlying causes, and must . . . be handled at this time." *Id.* at 823.

In the instant action, Evanston is defending Counterclaimants in the underlying lawsuit. Unlike the insured in *ACandS*, Counterclaimants are not placed in the "untenable position" of having to defend themselves and "face liabilities that would otherwise be incurred by its insurers." *Id.* at 821. Rather, they are receiving the full benefit of their contract with Evanston.

6

Reply Memorandum Of Points And Authorities In Support Of Motion For Order
Dismissing Ghillie Suits' And Muirhead's Counterclaim
Case No. C08-02099 JF

In addition, unlike in *ACandS*, Evanston is involved in the underlying action, and is presently available for settlement negotiations. Consequently, there no issue of whether the insurer or the insured will bear the "ultimate liability in the underlying case[] and hence [bear] the onus and risks of settlement," which would require an immediate determination. *Id.* at 823.

Moreover, unlike *ACandS*, the relief sought by Counterclaimants is highly dependant upon the underlying action. Specifically, in order for Evanston to be held to have breached the covenant of good faith and fair dealing with respect to a policy limits demand, the following must occur: (1) the policy limit must be determined to be $2 million, (2) the plaintiffs in the underlying lawsuit must be awarded more than $2 million at trial as against Counterclaimants, and (3) Evanston declines to indemnify Counterclaimants for the amount over $2 million.

Counterclaimants improperly seek the benefits of prevailing on a bad faith claim without the requisite accrual of the cause of action. Evanston's motion should be granted and the counterclaim dismissed with prejudice.

7
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER DISMISSING GHILLIE SUITS' AND MUIRHEAD'S COUNTERCLAIM
CASE NO. C08-02099 JF

## V. EVANSTON DOES NOT CONCEDE COUNTERCLAIMANTS' LIABILITY OR THE UNDERLYING PLAINTIFFS' DAMAGES

Evanston requests that the Court disregard the statement on page 10, lines 12 through 17, that Evanston has somehow conceded liability on the part of Counterclaimants, or the amount of damages with respect to plaintiffs in the underlying lawsuit. To the contrary, Evanston asserts in its motion that the plaintiffs could lose the case entirely, or as against Counterclaimants. Evanston asserts that the damages awarded (if any) as against Counterclaimants might be less than $2 million, or less than $1 million.

Counterclaimants' statements are erroneous, inflammatory, gratuitous, and could have a negative impact on the underlying lawsuit, as well as a negative impact on the insurer/insured relationship between Evanston and Counterclaimants. Again, Evanston requests that the Court disregard these statements.

## VI. THE COUNTERCLAIM SEEKS IMPROPER RELIEF, NOT ABSTRACT RELIEF

Contrary to Counterclaimants' assertion, the counterclaim should be dismissed because it improperly seeks a determination of culpability, not because it seeks "abstract relief," or an "advisory opinion." Again, although Counterclaimants use the term "declaratory relief," what they are actually seeking is a

8

Reply Memorandum Of Points And Authorities In Support Of Motion For Order Dismissing Ghillie Suits' And Muirhead's Counterclaim
Case No. C08-02099 JF

judgment that Evanston committed a tort, with the resulting damages in the form of a "limit-free" insurance policy.

Again, Counterclaimants predicate their arguments upon legal conclusions presented as facts. Whether the plaintiffs' settlement demand in the underlying lawsuit was "reasonable," and whether Evanston breached its duty of good faith and fair dealing are legal conclusions to be determined by the relevant facts and the applicable law. The arguments presented in Counterclaimants' opposition, as well as the allegations presented in the counterclaim, are predicated upon legal conclusions – conclusions which have not yet been established, and cannot be established until after the completion of the underlying lawsuit.

## VII. THE COUNTERCLAIM SHOULD BE DISMISSED WITH PREJUDICE

There are no additional facts Counterclaimants could possibly allege that would transform the Counterclaim into a viable pleading. "Leave to amend need not be granted when an amendment would be futile." *Fischer v. Vantive Corp. (in Re Vantive Corp. Secs. Litig.)* (9th Cir. 2002) 283 F.3d 1079, 1098 (Citing *Steckman v. Hart Brewing, Inc.* (9th Cir. 1998), 143 F.3d 1293, 1298). Indeed, the very nature of the requested relief – a declaration that Evanston is in breach of the covenant of good faith and fair dealing – is inappropriate. Unless and until a cause of action for breach of the covenant

9

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER DISMISSING GHILLIE SUITS' AND MUIRHEAD'S COUNTERCLAIM
CASE NO. C08-02099 JF

of good faith and fair dealing accrues, Counterclaimants will have no viable cause of action against Evanston.

Moreover, Counterclaimants do not request leave to amend. The Court should infer from Counterclaimants' omission of any request for leave to amend as an indication that Counterclaimants have no additional facts to plead if given the opportunity to amend. *See, Fischer v. Vantive Corp.*, 283 F.3d at 1098 (holding that a failure to provide what additional facts the plaintiffs might plead if given the chance to amend is a strong indication that the plaintiffs have no additional facts to plead.).

The Counterclaim fails to state a valid cause of action against Evanston, and there are no additional facts Counterclaimants might plead that can alter that fact. Evanston's motion to dismiss should be granted and the counterclaim dismissed with prejudice.

## VIII. CONCLUSION

For the foregoing reasons, this Court should grant Evanston's motion and dismiss the counterclaim without leave to amend.

///

///

```
                                    BOLENDER & ASSOCIATES,
                                    A Professional Law Corporation

Dated: 09/05/2008                   By:        /s/
                                    Thomas H. Schelly,
                                    Attorneys for Plaintiff,
                                    Evanston Insurance Company
```