**E-filed 9/26/08**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| EVANSTON INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>GHILLIE SUITS.COM, INC., TODD MUIRHEAD, JEREMY JAMES EHART, KRISTY EHART, STEVEN RYAN McCLANAHAN, and DOES 1-100,<br><br>    Defendants. | Case Number C 08-2099 JF (HRL)<br><br>ORDER[1] DENYING MOTION TO DISMISS COUNTERCLAIMS<br><br>[re: docket no. 22, 25] |

## I. BACKGROUND

Plaintiff moves to dismiss Defendants' counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure[2] and in the alternative to strike portions of the counterclaims pursuant to Rule 12(f). The Court has considered the moving and responding papers and the arguments presented at the hearing on September 19, 2008. For the reasons stated below, the

---

[1] This disposition is not designated for publication in the official reports.

[2] Unless otherwise indicated, references to Rules hereinafter are to the Federal Rules of Civil Procedure.

Case No. C 08-2099 JF (HRL)
ORDER DENYING MOTION TO DISMISS COUNTERCLAIMS
(JFEX1)

motion will be denied.

### A. Underlying Action

The present action arises out of an underlying lawsuit[3] for damages resulting from injuries suffered by two United States Marines, Jeremy James Ehart and Steven Ryan McClanahan. At the time of their alleged injuries, Ehart and McClanahan were wearing camouflaged clothing called "ghillie suits" manufactured and distributed by Ghillie Suits.com, Inc. Despite representations that the suits were fire safe, Ehart's suit caught fire; and when McClanahan attempted to extinguish the flames, his suit also caught fire. Both men were burned severely. Thereafter, Ehart, McClanahan and Ehart's wife, Kristy Ehart, (collectively "Underlying Plaintiffs") brought an action against Ghillie Suits.com, Inc. and its president and owner, Todd Muirhead (collectively "GSC") for strict product liability, negligence, breach of implied warranty, and loss of consortium.

At the time of the alleged injuries, GSC was insured under a commercial general liability policy issued by Evanston Insurance Company ("Evanston"). The policy provided indemnity of up to $1,000,000 per occurrence for bodily injury and/or property damage, subject to an aggregate limit of $2,000,000. On September 26, 2007, Underlying Plaintiffs made a demand for the $2,000,000 aggregate limit of Evanston's policy based upon two alleged occurrences, one causing the injuries to Ehart and the other causing the injuries to McClanahan. Evanston did not accept the demand, contending that there was only one occurrence and accordingly only $1,000,000 in coverage.

### B. Instant Action for Declaratory Judgment

On April 22, 2008, Evanston filed the instant action against GSC and Underlying Plaintiffs, seeking a declaratory judgment that would limit its indemnity obligations to GSC to $1,000,000. In lieu of an answer, GSC and Underlying Plaintiffs (collectively "Counter-Claimants") filed separate but substantially similar counterclaims against Evanston. Counter-

---

[3] *Jeremy James Ehart, Kristy Ehart and Steven Ryan McClanahan v. Ghillie Suits.com Inc., et al.*, United States District Court, Northern District of California, San Jose Division, Case No. 06-06507.

Claimants seek a judicial declaration that Evanston is precluded from asserting any policy limits in the underlying action. They maintain that Evanston breached its implied contractual duty of good faith and fair dealing by rejecting their earlier settlement offer of $2,000,000, and that Evanston's policy limits thus have been waived.

## II. MOTIONS TO DISMISS

A complaint may be dismissed for failure to state a claim upon which relief can be granted for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). For purposes of a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). A complaint should not be dismissed "unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* However, the Court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Id*. at 754-55.

In the present action, the Court has been asked to determine the monetary indemnification limit of GSC's general liability insurance policy with Evanston. In its complaint, Evanston asserts that the injuries sustained by Ehart and McClanahan arose from one occurrence, and that it thus is not obligated to provide more than $1,000,000 in indemnity coverage to GSC. Counter-Claimants maintain that the injuries arose from two occurrences, triggering Evanston's obligation to provide $2,000,000, and that by rejecting the settlement offer for that amount, Evanston breached its duty of good faith and fair dealing and no longer may assert the policy's limitation on its liability. Evanston moves to dismiss the counterclaims on the grounds that: (1) denial of the settlement demand is not yet an actionable claim; (2) the counterclaims are factually insufficient; (3) the relief sought is contrary to the purpose of the Declaratory Judgment Act; and (4) the counterclaims have not ripened into a case or controversy.

**A. Legal Sufficiency of Counter-Claimants' Breach of Covenant Argument**

In California,[4] every insurance policy contains an implied covenant that neither party will do anything to injure the other's right to receive the benefits of the policy. *Campbell v. Superior Court*, 44 Cal.App.4th 1308, 1319 (1996). The covenant requires insurers to accept reasonable settlement demands. *Hamilton v. Maryland Casualty Company*, 27 Cal.4th 718, 725 (2002). Unreasonable rejection of a settlement offer within policy limits subjects the insurer to liability for the entirety of any compensatory damages awarded against its insured, even those amounts which exceed the policy limits. *Kransco v. Empire Surplus Lines Ins. Co.*, 23 Cal.4th 390, 401 (2000).

Here, Evanston mischaracterizes Counter-Claimants' breach of covenant claim as a claim for damages, relying upon the well-established principle that an insurer's liability for damages for breach of the covenant of good faith and fair dealing does not arise until "a 'judgment' in excess of [policy] limits is ultimately rendered against the insured." *Finkelstein v. 20th Century Ins. Co.*, 11 Cal.App.4th 926, 929 (1993). However, Counter-Claimants do not seek damages for breach of the implied covenant at the present time.

Instead, Counter-Claimants ask that the Court "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Declaratory relief may be available for claims regarding the extent of coverage and duties owed under an insurance policy. *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 239-42 (1937). Here, all parties seek a declaration as to the indemnification limits under GSC's general liability insurance policy. Evanston asserts that the policy limits are $1,000,000. Counter-Claimants urge the Court to declare what the policy limits are, if any, in light of Evanston's alleged rejection of a reasonable settlement demand.

**B. Factual Sufficiency of Counter-Claimants' Breach of Covenant Argument**

An insurer becomes liable for the entirety of compensatory damage award against its

---

[4]Because this case was filed in federal court on the basis of diversity jurisdiction, the Court must apply California substantive law to matters not governed by the United States Constitution or federal statutes. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

insured if it rejects a reasonable settlement demand within its policy limits. *Kransco*, 23 Cal.4th at 401 (2000). The reasonableness of an insurer's claims handling is a question of fact. *Carlton v. St. Paul Mercury Insurance Co.*, 30 Cal.App.4th 1450, 1456 (1994). Here, Counter-Claimants allege that Evanston's denial of the $2,000,000 settlement demand was unreasonable. Although Evanston characterizes this as a legal conclusion, it ignores the factual support for the conclusions pled in the counterclaim. First, Counter-Claimants provide the factual background surrounding the injuries to Ehart and McClanahan, arguing that the number of accidents triggers the number of occurrences. The Court cannot determine at the pleading stage whether there was one occurrence or two under the insurance policy. Second, Counter-Claimants offer the terms of the insurance policy, which allegedly affords coverage of $1,000,000 per occurrence and a $2,000,000 aggregate limit for product liability cases. Third, Counter-Claimants indicate that they made a demand for the $2,000,000 aggregate limit based on the liability of GSC, damages exceeding $1,000,000 for Jeremy and Kristy Ehart, and damages also exceeding $1,000,000 for McClanahan. Fourth, they allege that Evanston rejected the policy-limits demand based on a disputed coverage issue (*i.e.*, the number of occurrences) and not because of the absence of a probable damages award against GSC exceeding $2,000,000. Accordingly, it appears that Counter-Claimants have set forth viable claims.

### C. Purpose of the Declaratory Judgment Act

The purpose of the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, is to enable parties to adjudicate their disputes before either suffers great damage. *Societe de Conditionnement v. Hunter Engineering Company, Inc.*, 655 F.2d 938, 943 (9th Cir. 1981). The Act advances to the present a litigable controversy that otherwise might only be tried in the future. *Id.* In deciding whether to exercise its broad discretion under the Act, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995), a district court should consider whether declaratory relief would serve a useful purpose, clarify legal relations, and terminate controversy. *Los Angeles County Bar Ass'n v. Eu*, 929 F.2d 697, 703 (9th Cir. 1992).

As discussed above, both parties seek declaratory relief for the same essential purpose: clarification of the policy limits in GSC's insurance liability contract with Evanston. Counter-

1  Claimants also seek an additional determination as to whether Evanston's position with respect
2  to the policy limits is sufficiently unreasonable to expose Evanston to liability for breach of the
3  implied covenant of good faith and fair dealing.  Resolution of this issue in favor of either party
4  may help the parties avoid a multiplicity of litigation.  Determining the extent of liability could
5  facilitate settlement of the underlying dispute.  If the Court were to dismiss the counterclaims,
6  Evanston potentially could face liability for breach of the implied covenant of good faith and fair
7  dealing when the underlying action goes to trial.  Accordingly, the purpose of the Declaratory
8  Judgment Act is served by permitting the counterclaims to proceed.

### D.  Case or Controversy Requirement

10  A district court may exercise its jurisdiction over a claim for declaratory judgment "[i]n a
11  case of actual controversy within its jurisdiction."28 U.S.C. § 2201.   In a declaratory relief suit
12  involving a private contract, the case is ripe for adjudication if there is a substantial controversy
13  of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.  *Principal*
14  *Life Ins. Co. v. Robinson*, 394 F.3d 665, 669-71 (9th Cir. 2001); *see also Ticor Title Ins. Co.*
15  *Of Cal. v. American Resources Ltd.*, 859 F.2d 772, 773-74 (9th Cir. 1988) (applying the
16  sufficient immediacy and reality standard to determination of an insurer's liability under an
17  insurance policy).

18  Evanston points out that there has not yet been judgment in the underlying action.
19  However, as discussed above, Counter-Claimants seek an adjudication as to Evanston's
20  obligations under the policy, not as to money damages for Evanston's alleged breach of the
21  implied covenant.

### III.  MOTION TO STRIKE

23  In the alternative, Evanston moves to strike all references to breach of the duty of good
24  faith and fair dealing.  Pursuant to Rule 12(f), a court may strike any "redundant, immaterial,
25  impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "Immaterial" has been defined as
26  allegations which have no bearing on the controversy before the court. *Fantasy, Inc. v. Fogerty*,
27  984 F.2d 1524, 1527 (9th Cir. 1993) (disapproved on other grounds in *Fogerty v. Fantasy, Inc.*,
28  510 U.S. 517, 534-535).  "Impertinent" has been defined as allegations that are not responsive or

6

relevant to issues involved in the action, and which could not be admitted as evidence in the action. *Id.*

Because Evanston's alleged breach would trigger the waiver of its policy limits, any such breach has a direct bearing on the controversy before the Court. Moreover, Counter-Claimants' allegations are responsive to the same issues Evanston itself raised in its complaint, and at this stage the Court finds no reason why evidence regarding Evanston's alleged breach would be inadmissible at trial.

## IV.  CONCLUSION

Good cause therefor appearing, IT IS HEREBY ORDERED that Evanston's motions are DENIED.

DATED: September 26, 2008

_____
JEREMY FOGEL
United States District Judge

1  Notice has been electronically mailed to:

3  Jeffrey S. Bolender            jbolender@bolender-firm.com

5  Thomas Henry Schelly           tschelly@bolender-firm.com

7  Gerald A. Emanuel              jemanuel@hinklelaw.com

9  Alexander Friedland Stuart     afs@wsblaw.net

11 Craig Evan Needham             cneedham@ndkylaw.com

13 Daniel JT Sciano               dsciano@tsslawyers.com

15 Kirsten M. Fish                kfish@ndkylaw.com

Case No. C 08-2099 JF (HRL)
ORDER DENYING MOTION TO DISMISS COUNTERCLAIMS
(JFEX1)